356 So.2d 1015 (1977)
Marie M. WEST, et vir., Plaintiffs-Appellants,
v.
STATE of Louisiana, Through State SUPERINTENDENT OF PUBLIC EDUCATION AND STATE BOARD OF EDUCATION, Defendant-Appellee.
No. 11741.
Court of Appeal of Louisiana, First Circuit.
September 23, 1977.
Michael R. Connelly, Baton Rouge, of counsel for plaintiffs-appellants Marie M. West.
Carmack M. Blackmon, Asst. Atty. Gen., Baton Rouge, of counsel for defendant-appellee State of Louisiana through State Superintendent of Public Ed. and State Bd. of Ed.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
This matter is before us on a rule to show cause why appellants' appeal should not be dismissed for failure to timely file an appeal bond. It is undisputed that the bond was not filed within sixty days of the expiration of the new trial delays. C.C.P. Art. 2087, as amended by Act 201 of 1976. Failure of appellant to timely post the required appeal bond is a jurisdictional defect mandating dismissal of the appeal. Something Irish Co. v. Rack, 333 So.2d 773 (La.App. 1st Cir. 1976). However, appellants contend that the amendment cannot constitutionally be applied in this case. If this contention is correct, the appeal is good because the bond was filed within the ninety days provided under the old law. We find no merit in appellants' argument and therefore dismiss his appeal.
The trial judge had this case under advisement as of October 1, 1976, when the amendment became effective. He rendered judgment January 25, 1977, and signed it on January 28. "The general rule from which there seems to be no dissent is that, where a *1016 statute deals with procedure only, it applies to all actions, to those which have accrued or are pending as well as to future actions." Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566, 570 (1940); Pelloat v. Greater New Orleans Expressway Commission, 175 So.2d 656 (La.App. 1st Cir.), writ not considered, 248 La. 122, 176 So.2d 452 (1965).
Appellants do not dispute this general rule. They argue instead that they did not receive "due notice" of the procedural change. Appellants' attorney states that he relied on the September, 1976 Cumulative Pamphlet to West's Louisiana Statutes Annotated, which did not contain the amendment. Such reliance was misplaced. It is not and has never been the law that one must receive notice of a law before it can affect him. "After the promulgation, no one can allege ignorance of the law." C.C. Art. 7; see also, Const. Art. 3, § 19. Since appellants have not alleged that Act 201 of 1976 was not promulgated or published in the official journal of the state, their ignorance of the amendment, for whatever reason, is irrelevant. As an aside, we would like to point out that on the front cover of the Cumulative Pamphlet it states: "For 1976 Laws, see West's Louisiana Session Law Service." Reference to the latter publication would have disclosed the new provision.
For the reasons assigned, the appeal is dismissed at appellants' costs.
APPEAL DISMISSED.