| ¿THOMAS F. DALEY, Judge.
The plaintiffs have appealed the trial court’s grant of the defendants’ Exception of Prescription. For the reasons which follow, we affirm.
FACTS:
On May 24, 1983, 18-year-old Frank Cacioppo, Jr. was injured in an automobile accident. He was evaluated at a nearby hospital and then transferred to Alton Ochsner Foundation Hospital (Ochsner) in Jefferson, Louisiana. During the course of his evaluation at Ochsner, it was discovered that his aorta was ruptured, which required surgical repair. Jacques Le-Blanc, M.D. presented a consent form for the surgery to Frank Cacioppo, Sr. because Frank Jr. was unconscious. This form stated that “Dr. Mills and team” were authorized and directed to perform surgery to repair the ruptured aorta. The surgery was performed and following the surgery Frank Jr. was paraplegic.
|sOn October 19, 1988, plaintiffs (which include Frank Jr., Frank, Sr., and Yvonne Cacioppo) filed a medical malpractice suit against Ochsner and the physicians who performed the surgery, Dr. Noel Mills, Dr. Jacques LeBlanc, Dr. Steve Eskind, and Dr. John Busby, alleging the paraplegia was due to the negligence of the physicians in performing the surgery. On February 16, 2000, this suit was dismissed for failure to prosecute. On June 7, 2000, plaintiffs filed a legal malpractice suit against their former attorneys, Locke Meredith and Leonard Cardenas III, for failure to take any steps in the prosecution of their claim for medical malpractice. On December 26, 2000, plaintiffs amended the petition in the legal malpractice suit to add the Ochsner defendants. In the amended petition, plaintiffs allege that Dr. Mills did not perform the surgery on Frank Jr., and that the operation was performed by Drs. Le-Blanc, Eskind, and Busby, none of whom were licensed to practice medicine in Louisiana. On January 19, 2001, the Ochsner defendants filed an Exception of Prescription, which was granted by the trial court. This appeal followed.
DISCUSSION:
On appeal, plaintiffs argue that the trial court erred in granting the Exception of Prescription when the record established that the defendants knowingly and deliberately engaged in a pattern of conduct designed to deceive the plaintiffs into believing that Frank Jr. had been treated by licensed physicians. Plaintiffs argue that this pattern of conduct deprived the plaintiffs of their ability to bring actions for misrepresentation, fraud, and battery.[1]
|4In support of their position, plaintiffs point out several facts, which are not disputed by the defendants. First, although *805 Dr. Mills is listed as the “operator” on the operative report and signed the operative report, Dr. Mills did not participate in the surgery. Dr. Mills acknowledged that the only information he had regarding the surgery came from Dr. LeBlanc. Second, Dr. LeBlanc was a physician licensed in Canada, but not in Louisiana. In the submission to the Medical Review Panel, the Ochsner defendants stated that Dr. Le-Blanc was a board certified cardiovascular surgeon, but it was later discovered that Dr. LeBlanc did not become board certified until after the Cacioppo surgery. Third, it was later discovered that neither Dr. Eskind nor Dr. Busby were licensed to practice medicine in Louisiana, nor were they experienced in this type of surgical procedure. Plaintiffs argue that they did not become aware that Dr. LeBlanc was not licensed until 1997, and their first knowledge that Drs. Eskind and Busby were not licensed was from a letter written by the attorney representing the Ochsner defendants dated November 6, 2000, in which the attorney stated that the physicians were not licensed. Plaintiffs argue that defendants Ochsner and Dr. Mills had a professional duty to protect the public from the unlicensed practice of medicine, and an affirmative duty to disclose the fact that none of the physicians who operated on Frank Jr. were licensed to practice in Louisiana. Plaintiffs contend that the statements by the Ochsner defendants in the medical review panel submission state that Dr. LeBlanc was board certified, and statements made by the physicians in their depositions did nothing to discharge this duty and prevented the plaintiffs from availing themselves of their causes of action.
In response, the defendants argue that plaintiffs knew as of June 1992 that Dr. LeBlanc, rather than Dr. Mills, performed the surgery because this information was | Bcontained in the medical review panel submission. Further, they argue that in 1997, plaintiffs learned Dr. LeBlanc was not licensed. Defendants conclude that by 1997 plaintiffs knew all the facts that now form the basis of their claims asserted against the defendants in December 2000.
Plaintiffs claims against the doctors are of fraud and battery, thus they are subject to the one year prescription period for delictual actions. C.C.art. 3492. The courts have recognized the harsh consequences resulting from the strict interpretation of prescription statutes and have adopted the doctrine of contra non valen-tum as a jurisprudential exception to prescription. Under this doctrine, prescription does not begin to run until a plaintiff either knew or should have known of a cause of action, regardless of how much time has passed between the wrongful conduct and the gaining of knowledge, Bergeron v. Pan American Assur. Co., 98-2421 (La.App. 4 Cir. 4/7/99), 731 So.2d 1037. Contra non valentum applies when the defendant prevents the plaintiff from bringing suit or when the plaintiff does not know nor reasonably should have known of the cause of action. Id.
Plaintiffs claim that the defendants’ actions of hiding the fact that none of the physicians who performed the surgery were licensed in Louisiana prohibited them from discovering that they had a cause of action. We disagree. The medical review panel submission, which was made part of the appellate record, states that Dr. LeBlanc, rather than Dr. Mills, performed the surgery. In his deposition taken on March 29, 1996, Dr. Mills acknowledged that the only knowledge he had of the surgery came from Dr. Le-Blanc. In the original legal malpractice petition, plaintiffs allege that in 1997 Frank Sr. obtained written documentation from the Louisiana Board of Medical Ex *806 aminers, which stated that LeBlanc has never been licensed to practice medicine in Louisiana. Frank Sr. was able to obtain this information on his |fiown. The Ochs-ner defendants did nothing to prevent plaintiffs from discovering that Drs. Es-kind and Busby were not licensed at the time of the surgery.
Applying the doctrine of contra non va-lentum to the facts before us, prescription for the fraud and battery claims ran in 1998, one year after it was discovered that Dr. LeBlanc was not licensed. The Ochs-ner defendants were not added to the lawsuit until December 26, 2000 at which time plaintiffs’ cause of action against them for fraud and battery had already prescribed.
In his Reasons for Judgment, the trial judge stated he was reluctant to grant the Exception of Prescription because the Ochsner defendants were in effect “getting off.” We too are reluctant to affirm the exception, however, we find no law which supports a reversal.
For the foregoing reasons, the judgment of the trial court is affirmed. Each party is to bear his own costs.
AFFIRMED.

. Plaintiffs also argue they are entitled to return of fees paid to non-licensed physicians. While acknowledging that they did not specifically plead this element of damages, they contend this issue is properly before the court because they asked for "all relief reasonable in the premises.” We disagree. Appellate courts do not address arguments raised for the first time on appeal.