EDWIN A. LOMBARD, Judge.
11Poche Construction, Inc., original defendant and third party plaintiff in the present matter, appeals a judgment of the trial court granting an exception of per-emption filed by Labiche Plumbing, Inc., third party defendant, dismissing all third party demand claims raised against them by Poche. Poche. Construction also appeals the granting of an exception of per-emption filed by third party defendant Perrin & Carter, Inc., dismissing all third party demand claims against them raised by Labiche Plumbing. For the reasons provided below, the decisions of the trial court are affirmed.

Factual and Procedural History

Metairie III is the owner and operator of Metairie Manor, an assisted living center for the aged. On September 22, 1999, Metairie III entered into a general construction contract with Poche Construction, Inc. (“Poche”), appellant, to complete an additional housing complex on the Mé-tame Manor campus. Poche Construction entered into a subcontract with Labiche Plumbing shortly thereafter, to install the building’s plumbing system and under-slab plumbing. Labiche Plumbing then entered into a subcontract with Perrin & Carter, an'architectural and design firm, to provide the design specifications for the plumbing system. The | ^addition was completed with Metairie III taking acceptance on March 28, 2001, and the Owner’s Acceptance of Work was filed in court on April 2, 2001.
On July 24, 2002, a resident in Unit E107 complained of grease build-up and sewerage backup problems in the toilet line in her apartment. A technician from Earl’s Plumbing Service ran a camera line into the sewer lines and noted a “small sag and grease build up,” but that the line “appeared good” after service. On February 4, 2003, a separate unit resident complained that her shower stall was clogged. The following month, unit E107 allegedly experienced more sewerage back-up problems.
In May 2003, Christopher Homes, Inc., notified the Archdiocese of New Orleans, the owner of Metairie Manor, outlining in a letter numerous attempts to resolve the plumbing and sewerage back-up problems. By June 2003, it had become necessary for the Archdiocese to obtain a quote from a different plumbing service to examine and excavate drain services and check drainage connections to city sewerage drains. By August 13, 2003, a quote from Gootee Services on the proposed drainage work had been provided.
On March 21, 2006, Metairie III filed suit against Poche Construction, Inc., alleging that as the general contractor, Poche failed to properly construct a housing complex. Specifically, Metairie III alleged that the under-slab sewer system of the housing complex was not constructed properly nor in accordance with their construction contract. Metairie III seeks damages under the contract and damages for corrective and remedial work done. On September 28, 2007, Poche filed a third party demand petition against Labiche Plumbing, Inc. On March 12, 2008, La-biche filed a third party demand claim against Perrin & Carter for their alleged role in the specifications and design of the plumbing system. Poche Construction | Shas only filed a third party demand against Labiche, and has not filed any claims against defendant Perrin & Carter in this matter.
On May 23, 2008, Perrin & Carter filed an exception of peremption to dismiss the claims of Labiche Plumbing against it. On August 1, 2008, the district court granted Perrin & Carter’s exception of peremption. Labiche Plumbing appealed the decision, and .this Court reversed on the grounds *449 that neither party had properly and officially introduced any evidence at the hearing on the exception of peremption. Metairie III v. Poche Construction, Inc., et al., 2009-0015 (La.App. 4 Cir. 7/1/09), 11 So.3d 1248.
On August 25, 2009, Perrin & Carter again filed an exception of peremption in the district court, alleging the applicability of a five-year peremptive period pertaining to suits against engineers and architects under La.Rev.Stat. § 9:5607. Labiche Plumbing did not oppose, and on September 18, 2009, Labiche Plumbing filed its own exception of peremption, on the grounds that Poche Construction’s claims should be dismissed under the five-year peremptive period provided for in La.Rev. Stat. § 9:2772. At the November 13, 2009 hearing on the exceptions of peremption, the district court granted both exceptions. A written judgment granting Perrin & Carter’s exception of peremption and dismissing all. claims against it was signed on November 24, 2009. A written judgment granting Labiche Plumbing’s exception of peremption was signed on December 9, 2009. Poche Construction, Inc. now timely appeals these two judgments to this Court. Standard of Review
A judgment granting a peremptory exception is reviewed de novo, because the exception raises a legal question, and an appellate court is to determine, whether in the light most favorable to the plaintiff, and with every doubt resolved |4in the plaintiffs behalf, the petition states any valid cause of action for relief. In re Tutorship of Washington, 2004-0465, p. 4 (La.App. 4 Cir. 7/20/05), 913 So.2d 165, 168.
When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription or per-emption. However, when prescription or peremption is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not been perempt-ed. Rando v. Anco Insulations, Inc., 2008-1163, p. 20 (La.5/22/09), 16 So.3d 1065, 1082.
Appellate courts review peremptory exceptions by reviewing the entire record to “determine whether the trial court was manifestly erroneous with its factual conclusions.” Patriot American Hospitality Partnership, LP v. Mississippi Land Holdings, Inc., 2006-0601, p. 3 (La.App. 4 Cir. 12/13/06), 948 So.2d 249, 251, citing Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds, 2004-1697, p. 5 (La.App. 3 Cir. 5/4/05), 909 So.2d 619, 623.

Peremption

Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the per-emptive period. La. Civ.Code art. 3458. The function of the peremptory exception is to have the plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action. La.Code Civ. Proc. art. 923. When the peremptive period has run, the cause of action itself is extinguished unless timely exercised. An exception of peremption is rightfully included in the nonexclusive list of peremptory exceptions provided in La.Code Civ. Proc. art. 927. Wong v. Hoffman, 2005-1483, p. 8 (La.App. 4 Cir. 11/7/07), 973 So.2d 4, 15-16; Rando, supra, p. 20, 16 So.3d at 1082. A ^peremptory exception may be raised at any stage of the proceeding in the trial court prior to the submission of the case for a decision. La. Code Civ. Proc. art. 928(B).
La. Civ.Code art. 3500 provides that “[a]n action against a contractor or an architect on account of defects of construe *450 tion, renovation, or repair of buildings and other works is subject to a liberative prescription of ten years.” Although this prescriptive period may be suspended or interrupted, La.Rev.Stat. § 9:2772 serves to terminate the existence of a right to sue contractors within the allotted time provided in the statute. La.Rev.Stat. § 9:5607 serves to terminate the existence of a right to sue architects and engineers for the defective design of an immovable.

Assignments of Error

Poche Construction, Inc., in its position as third party plaintiff, first argues that a cause of action for its third party claim against Labiche Plumbing arose before the five-year peremptive periods provided for in § 9:2772 and § 9:5607 went into effect. Therefore, Poche argues that the peremp-tive period is seven years, and that its third party demand against Labiche Plumbing was filed within this time period. Appellant also argues that the peremptive period for claims against architects and engineers under La.Rev.Stat. § 9:5607 is not applicable to dismiss Labiche Plumbing’s claims against Perrin & Carter. Poche also argues that the subsequent legislation reducing the peremptive period of § 9:2772 to five years is not retroactive in this matter.

Law and Analysis

Both the prior and current version of La.Rev.Stat. § 9:2772 call for the per-emptive period for actions involving deficiencies for construction of immovables to begin on “the date of registry in the mortgage office of acceptance |6of work by owner.” The current version of § 9:2772, amended by Act 919 of 2003 and effective August 15, 2003, provides as follows:
§ 2772. Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of im-movables or improvements thereon

A. No action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9):

(l)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner, (b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner ...
... B. (1) The causes which are per-empted within the time described above include any action: ...
... (b) For damage to property, movable or immovable, arising out of any such deficiency ...
... (3) This peremptive period shall extend to every demand, whether *451 brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.
D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods 17established by law for such actions. E. The peremptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or obligation of any such person arising out of his possession or control of the property.
F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.
H. (1) The peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.
(emphasis added).
Poche Construction argues that because the Owner’s Acceptance of Work was filed on April 2, 2001, the peremptive period begins on this date, and that the seven-year peremptive period in effect at that time should be applied. At the time the Owner’s Acceptance of Work was filed, Act 1024 of 1999 was the version of § 9:2772 in effect, and its provisions were nearly identical to the current version provided above, with the large difference that it provided for a seven-year peremptive period.
Labiche Plumbing, however, first argues that Poche Construction’s right to sue has not yet vested, and argues alternatively, if a cause of action vested, it did not vest until after August 15, 2003, when the current five-year peremptive period under § 9:2772 came into effect. Perrin & Carter argues that Poche Construction and Labiche Plumbing’s rights of indemnity did not vest until the main demand |8was filed, and that La.Rev.Stat. § 9:5607 was already in effect and applicable to the per-emption of Labiche Plumbing’s claims against them. § 9:5607, created by Act 854 of 2003, provides as follows:
§ 5607. Actions against a professional engineer, surveyor, professional interior designer, architect, real estate developer; peremptive periods
A. No action for damages against any professional engineer, surveyor, engineer intern, surveyor intern, or licensee as defined in R.S. 37:682, or any professional architect, landscape architect, architect intern, or agent as defined in R.S. 37:111, or professional interior designer, or licensee as defined in R.S. 37:3171, or other similar licensee licensed under the laws of this state, or real estate developer relative to development plans which have been certified by a professional engineer or professional architect, whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide any manner of movable or immovable planning, construction, design, or building, which may include *452 but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five gears from:

(1) The date of registrg in the mortgage office of acceptance of the work bg owner; or

(2) The date the owner has occupied or taken possession of the improvement, in whole or in part, if no such acceptance is recorded; or
(3) The date the person furnishing such services has completed the services with regard to actions against that person, if the person performing or furnishing the services, as described herein, does not render the services preparatory to construction, or if the person furnishes such services preparatory to construction but the person furnishing such services does not perform any inspection of the work.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
C. The five-year period of limitation provided for in Subsection |nA of this Section is a peremptive period within the meaning of Civil Code Article 3458 and in accordance with Civil Code Article 34-61, may not be renounced, interrupted, or suspended.

D. The provisions of this Section shall take precedence over and supersede the provisions of R.S. 9:2772 and Civil Code Articles 2762 and 3545.

E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
F.The peremptive periods provided in Subsections A and B of this Section shall not apply to any proceedings initiated by the Louisiana Professional Engineering and Land Surveying Board or the State Board of Architectural Examiners,
(emphasis added). Perrin & Carter further argues that because Poche Construction has never filed a third party claim-against it, Poche cannot appeal the granting of their exception of peremption, dismissing Labiche Plumbing’s claim against them.

Right to Appeal Judgment dismissing claims against Perrin & Carter

 La.Code Civ. Proc. art. 2086 provides that “[a] person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.” A party appealing under art. 2086 must have an interest in the outcome of the litigation which would be effected by the Judgment. A party who has no interest in changing the judgment of the lower court cannot exercise the right of appeal. Conrad v. Swiss Chalet Picnic Grounds Catering Service, 96-606, p. 5 (La.App. 5 Cir. 12/30/96), 686 So.2d 1055, 1058.
Appellant Poche Construction argues that it has the right to appeal the granting of Perrin & Carter’s exception of peremption. However, we find appellant’s argument to be without merit. We agree with Perrin & Carter that Poche Construction has no right or interest in appealing the granting of their exception of peremption. Poche Construction has had ample time and opportunity [into file a direct third party petition against Perrin & Carter, and it has not chosen to do so. Me-tairie III, the original plaintiff, has also not chosen to pursue any claims or action against Perrin & Carter at any point in this litigation. Labiche Plumbing has also opted to not appeal the trial court’s deci *453 sion dismissing their claims against Perrin & Carter. Therefore, we find that Poche Construction has no interest or right in appealing the trial court’s judgment granting Perrin & Carter’s exception of peremption, and is not an aggrieved party to this judgment. Appellant cannot benefit by any change in the judgment dismissing Perrin & Carter. Hoyle v. Schiro, 172 So.2d 759, 760 (La.App. 4 Cir.1965). See also Bankston v. B & H Air Tools, Inc., 486 So.2d 199 (La.App. 1 Cir.1986). The trial court’s judgment granting Perrin & Carter’s exception of peremption remains undisturbed.

Peremptive Period for Poche Construction’s Third Party Claim

Next, this Court must determine the applicable peremptive period for Poche Construction’s third party claims against Labiche Plumbing. It has been established that, under the previous and current versions of La.Rev.Stat. § 9:2772, the per-emptive period in this matter began on April 2, 2001, when the certificate of substantial completion on the Metairie Manor project had been filed. The next step is to determine when a cause of action accrued in this matter.
This Court has held that “[u]n-der Louisiana law, a cause of action accrues when a party has the right to sue.” Patriot American Hospitality Partnership, LP v. Mississippi Land Holdings, Inc., 2006-0601, p. 5 (La.App. 4 Cir. 12/13/06), 948 So.2d 249, 252. Fault, causation, and damages are required for a cause of action to accrue. Owens v. Martin, 449 So.2d 448, 451 (La.1984). “Once a party’s cause of action accrues, it becomes a vested property right that may not constitutionally be divested.” Cole v. Celotex Corp., 599 So.2d 1058, 1063 (La.1992). “Damage is | n sustained for the purposes of prescription when it has manifested itself with sufficient certainty to support the accrual of a cause of action.” Bell v. Glaser, 2008-0279, p. 5 (La.App. 4 Cir. 7/1/09), 16 So.3d 514, 517. “Where a claimant has suffered some but not all damages, prescription runs from the day on which he suffered actual and appreciable damages even though he may thereafter realize more precise damages.” Id. .
In contending Labiche Plumbing’s exception of peremption, appellant introduced evidence allegedly establishing that the completed Metairie Manor complex began experiencing shower and sewerage back-up problems as early as July 2002 and through at least June 2003. While this may establish a cause of action for Metairie III, as the owner of the building, it does not establish a cause of action for Poche Construction’s third party claim against Labiche Plumbing.
In Patriot American Hospitality Partnership, LP v. Mississippi Land Holdings, Inc., supra, the appellant purchased a hotel building in 1997 that ultimately showed to have numerous construction defects. The appellant sued numerous parties, including the engineering firm handling the building’s renovation. The appellant argued that a cause of action arose in 1997, the time of purchase, and that the then ten-year peremptive period of La.Rev.Stat. § 9:2772 should apply to their claim. This Court disagreed, finding under the facts of the case that no cause of action had arisen by 2003, when the five-year peremptive period for actions against engineers provided by La. Rev.Stat. § 9:5607 went into effect. Therefore, this Court retroactively applied the peremptive period of § 9:5607 to dismiss the appellant’s claims against the engineering firm.
Similarly, in this matter, it is clear that appellant Poche Construction has not established a cause of action against La-biche Plumbing prior to the enactment of *454 |12the current five-year peremptive periods of § 9:2772. Prior to the enactment of these statutes, Poche Construction had not yet been sued by Metairie III; therefore, no indemnification rights for Poche Construction’s claims had yet existed. See Ebinger v. Venus Construction Corp., 2008-379, pp. 2-3 (La.App. 3 Cir. 10/1/08), 995 So.2d 1224, 1225-6. Poche Construction’s third party claim, as it exists, is merely an “unvested inchoate right to indemnification prior to being cast in judgment.” Id., at p. 2, 995 So.2d at 1225; see also Orleans Parish School Board v. Pittman Construction, Inc., 384 So.2d 573 (La.App. 4 Cir.1980). Because it cannot be said that Poche Construction had established a cause of action for third party indemnification against Labiche Plumbing prior to the August 15, 2003 enactment of the current § 9:2772, the seven-year per-emptive period under the previous version of § 9:2772 cannot apply. As to Poche Construction’s third party claims against Labiche Plumbing, the five-year peremp-tive period under the current version of § 9:2772 applies.
Under La.Code Civ. Proc. art. 1067, “[a]n incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of the main demand or in the case of a third party defendant ninety days from service of the third party demand.” Metairie Ill’s main demand was filed on March 21, 2006, and the peremptive period in this matter for all claims related to the construction project were perempted under the five-year periods on April 2, 2006. Poche Construction was served with Me-tairie Ill’s main demand on April 11, 2006. Under La.Code Civ. Proc. art. 1067, Poche Construction had ninety days from April 11, 2006 to file their claim against Labiche Plumbing, but failed to do so within this time period. Poche Construction’s third party demand, filed on September 28, 2007, is therefore 11sclearly perempted on its face, and appellant has not met its burden of showing that their action has not been perempted.

Conclusion

Because Poche Construction did not have a third party indemnification cause of action prior to the 2003 amendment to La.Rev.Stat. § 9:2772 amending the per-emptive period for actions on construction defects to five years, and because it did not timely file its third party claim against Labiche Plumbing within the time frame of La.Code Civ. Proc. 1067, the trial court committed no legal error in granting La-biche Plumbing’s exception of peremption. And because Poche Construction has no right or interest in appealing the exception of peremption dismissing Labiche’s claims against Perrin & Carter, we find no error in the granting of Perrin & Carter’s exception of peremption as well.

Decree

The decisions of the district court in granting the exceptions of peremption dismissing all claims against Labiche Plumbing and Perrin & Carter are affirmed.
AFFIRMED.