PAUL A. BONIN, Judge.
11Vernetta Ballard, one of the current plaintiffs in this putative class-action lawsuit, concedes that her tort claims against the defendants, the City of New Orleans and its contractor, American Traffic Solutions, Inc., would be prescribed because they were not asserted within the applicable one-year prescriptive period. But, she argues, that by applying the softening doctrine of contra non valentem, the one-year prescriptive period is tolled and her claims are timely, and thus the district court’s sustaining of American Traffic’s exception of prescription and dismissal with prejudice of her lawsuit against it should be reversed.
American Traffic operates a traffic enforcement system using cameras. After Mrs. Ballard failed to timely pay two camera-generated red-light citations, the defendants issued two delinquency notices, both of which threatened her with the *364 possibility of “jail time” if she persisted in her refusal to pay the citations. The parties now all agree that there is no legal basis or justification for such a threat.
The kernel of Mrs. Ballard’s invocation of contra non valentem is her assertion that American Traffic prevented her from timely filing suit because it 12supplied her with false information about the possibility of jail time and did not take any corrective action to notify her of the falsity of its threat of the possibility of jail time. We conclude that Mrs. Ballard’s ignorance of the law-as opposed to her ignorance of any facts-does not toll the applicable one-year prescriptive period. And because we also conclude that the trial judge’s factual findings were not clearly wrong and were reasonable and that her application of the controlling law was correct, we affirm the judgment dismissing with prejudice Ms. Ballard’s suit against American Traffic.[1] We explain our decision in greater detail below.
I
At the outset we provide a brief description of the background of these' proceedings.[2]
This case arises out of the City of New Orleans’ Automated Traffic Enforcement System. The City and American Traffic entered into a contract whereby American Traffic installed traffic cameras on select City streets, issued citations, and collected monies for traffic violations.
It was Michelle Albe, and not Mrs. Ballard, who originally filed suit on December 8, 2008, against the City asking the district court to rule that the City’s |sAutomated Traffic Enforcement System ordinance is unconstitutional and reverse a traffic ticket issued to her under the system. Mrs. Albe amended her petition several times to add American Traffic as well as tort claims for fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress arising out of the mental anguish associated with receiving delinquency notices with the “jail time” language. The specific objectionable language was contained on the back of the delinquency notices: “Failure to respond will cause this matter to be submitted to a collection agency in accordance with applicable state and federal laws and additional fines and possible jail time may be assessed against you. It may also result in the vehicle being immobilized and/or impounded.” [3] (emphasis added)
Mrs. Albe amended her suit on July 16, 2009, to include several class action claims. It appears that the scope of the class- was then narrowed to comprise only those indi- *365 victuals who received delinquency notices threatening jail time.[4]
At this point, Mrs. Albe and Oliver Green, the remaining two class representatives, sought to be removed as class representatives and amended the petition to name Mrs. Ballard, and two others, as class representatives.[5] With the filing of this supplemental petition, the plaintiffs are no longer seeking a declaration that all or parts of the Automated Traffic Enforcement System ordinance are unconstitutional. Rather, the plaintiffs’ claims are limited solely to Rtort claims for fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress stemming from the issuance of delinquency notices containing the “jail time” language.
Mrs. Ballard received two applicable notices of delinquency — one on May 30, 2008, and the other on June 3, 2008. Both notices were received more than one year before the filing of the supplemental petition on July 16, 2009. American Traffic filed its exception of prescription on August 23, 2013, arguing that Mrs. Ballard’s claims should be dismissed as untimely because Mrs. Albe did not seek class status until July 16, 2009, more than one year after Mrs. Ballard would have received a delinquent notice containing the “jail time” language. As we have already stated, Mrs. Ballard conceded that more than one year elapsed between her June 3, 2008 notice and Mrs. Albe’s July 16, 2009 filing of the class action petition, but nonetheless argued that the doctrine of contra non valentem should apply to toll the prescriptive period and preserve her claims.
Specifically, Mrs, Ballard asserts that she did not know that the “jail time” language was false until after she saw the class action’s website and spoke with an attorney, and that her lack of knowledge was attributable to the City’s failure to notify her that the inclusión of the “jail time” language in the 2008 notices was improper.
The parties, argued the merits of American Traffic’s exception and introduced exhibits in support of their respective positions. The district judge granted the exception, without assigning reasons, and signed a judgment on | ¡¡October 17, 2013, dismissing Mrs. Ballard’s claims against American Traffic with prejudice. Mrs. Ballard subsequently filed a timely petition for devolutive appeal.
II
We summarize now the well-established decisional rules applicable to exceptions of prescription and the contra non valentem doctrine.
A
“Prescription must be pleaded. Courts may not supply a plea of prescription.” La. Civil Code art. 3452. See also La. C.C.P. art. 927 B (“The court may not supply the objection of prescription, which shall be specially pleaded.”). Prescription is an objection raised by peremptory exception. ■ See La. C.C.P. art. 927 A(l). Like other peremptory exceptions, a defendant may raise the exception of prescription in the trial court at any time prior to the matter’s submission after trial. La. C.C.P. arts. 927 and 928(B). La. C.C.P. art. 929 provides that when a per *366 emptory exception is pled prior to trial, the exception is tried and disposed of in advance of or on the trial of the case.
Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. See Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La. 1992). If prescription is evident on the face of the pleadings, however, the burden shifts to the plaintiff to show that- the action has not prescribed. See Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383,1386 (La.1993).
The district court is not bound to accept as true the allegations of plaintiffs petition in its trial of the péremptory exception. See Bowers v. Orleans Parish | School Bd., 95-2530 (La.App. 4 Cir. 5/29/96); 694 So.2d 967, 972. Evidence may be introduced at the trial of all peremptory exceptions, except the objection of no cause of action. See La. C.C.P. art. 931.
A judgment granting a peremptory exception is generally reviewed de novo, because the exception raises a legal question. See Metairie III v. Poche’ Const, Inc., 10-0353, p. 3 (La.App. 4 Cir. 9/29/10); 49 So.3d 446, 449. When evidence is introduced and evaluated at the trial of a peremptory exception, we must review the entire record to determine whether the district court manifestly erred with its factual conclusions. See Davis v. Hibernia Nat. Bank, 98-1164 (La.App. 4 Cir. 2/24/99); 732 So.2d 61, 63. The standard of review of a district court’s finding of facts supporting prescription is that the appellate court should not disturb the finding of the district court unless it is clearly wrong. See In re Medical Review Proceedings of Ivon, 01-1296, p. 5 (La.App. 4 Cir. 3/13/02); 813 So.2d 532, 536. The standard controlling our review of a peremptory exception of prescription requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. See Proctor’s Landing Property Owners Ass’n, Inc. v. Leopold, 11-0668, p. 10 (La.App. 4 Cir. 1/30/12); 83 So.3d 1199,1206; Bosarge v. DePaul/Tulane Behavioral Health Center, 09-1345, p. 2 (La.App. 4 Cir. 5/19/10); 39 So.3d 790, 792.
B
Although La. Civil Code art. 3467 provides that “prescription runs against all persons unless exception is established by legislation,” Louisiana jurisprudence |7has long recognized the doctrine of contra non valentem as a means of suspending the running of prescription when the circumstances of a case fall within one of four categories.[6] See Frank L. Maraist and Thomas C. Galligan, Louisiana Tort Law § 10-4(b), 222 (1996). The jurisprudence also recognizes that the doctrine is used to soften the occasional harshness of prescriptive statutes. See Carter v. Haygood, 04-646, p. 11 (La.1/19/05);' 892 So.2d 1261, 1268. Nevertheless, the Supreme Court has cautioned that the doctrine only applies in exceptional circumstances. See Marin v. Exxon Mobil Corporation, 09-2368, p. 13 (La. 10/19/10); 48 So.3d 234, 245.
But “[t]here is no question but that contra non valentem continues to be a viable exception to the running of Iiberative prescription in Louisiana.” Plaquemines Parish Commission Council v. Delta Development Company, Inc., 502 So.2d 1034, *367 1056 (La.1987). The Supreme Court recognized the four instances where contra non valentem can be applied to prevent the running of prescription: 1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; 2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; 3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and 4) where the cause of action is not known or reasonably | sknowable by the plaintiff, even though this ignorance is not induced by the defendant. These categories allow “the courts to weigh the ‘equitable nature of the circumstances in each individual case’ to determine whether prescription will be tolled.” Wells v. Zadeck, 11-1232, p. 9 (La.3/30/12); 89 So.3d 1145, 1150, citing Plaquemines Parish Commission Council, 502 So.2d at 1054-1055. Here, we need only attend to the third and fourth instances as Mrs. Ballard does not rely upon the first and second instances in her argument.
III
Upon our de novo review of the matter, we conclude that the district judge correctly sustained American Traffic’s exception of prescription. We restrict our review in this instance to a de novo because there is no controversy regarding any factual resolutions by the district judge.
The nature of a cause of action must be determined before it can be decided which prescriptive term is applicable. See Ames v. Okie, 11-1540, p. 6 (La.App. 4 Cir. 5/23/12); 97 So.3d 386, 391. The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. Id. The present iteration of plaintiffs’ petition[7] asserts three causes of action: 1) fraud; 2) intentional infliction of emotional distress; and 3) negligent infliction of emotional | fldistress.[8] These causes of action are, unquestionably, tort-based or delictual, and thus subject to one-year prescriptive period. See La. Civil Code art. 3492. See also Cacioppo v. Alton Ochsner Foundation Hospital, 01-808, p. 5 (La.App. 5 Cir. 12/26/01); 806 So.2d 803, 805; King v. Phelps Dunbar, 98-1805, p. 7 (La.6/4/99); *368 743 So.2d 181, 187; Duncan v. Bartholomew, 11-0855, p. 11 (La.App. 4 Cir. 3/14/12); 88 So.3d 698, 707-708.
' We turn then to explain why the one-year prescriptive period was npt tolled under the third and fourth instances of contra non valentem and address each instance in turn.
A
The third category of contra non valentem prevents the running of prescription “when the defendant has done some act effectually to lull the victim into inaction and prevent him from availing himself of his cause of action.” Ames, 11-1540, p. 15, 97 So.3d at 395. This category has been applied to cases where a defendant has concealed the fact of the offense or has committed acts (including [^concealment, fraud, misrepresentation, or other “ill practices”) which tend to hinder, impede, or prevent the plaintiff from asserting his cause of action, as long as plaintiffs delay in bringing suit is not willful or the result of his own negligence. Marin, 09-2368, p. 23, 48 So.3d at 251-252. This category is implicated only when: 1) the defendant engages in conduct which rises to the level of concealment, misrepresentation, fraud or ill'practice; 2) the defendant’s actions effectually prevented the plaintiff from pursuing a cause of action; and 3) the plaintiff must have been reasonable in his or her inaction. See Marin, 09-2368, p. 24, 48 So.3d at 252; Allstate Ins. Co. v. Fred’s Inc., 09-2275 (La.1/29/10); 25 So.3d 821 (contra non valentem not applicable where plaintiffs lack of due diligence resulted in failure to ascertain manufacturer’s identity which was not disclosed on label). Put differently, contra non valen-tem “will not exempt a plaintiffs claim from running if his ignorance is attributable to his own willfulness, neglect, or unreasonableness.” Dominion Exploration & Prod., Inc. v. Waters, 07-0386, p. 14 (La.App. 4 Cir. 11/14/07); 972 So.2d 350, 360.
In this case, Mrs. Ballard argues that the “jail time” language on her delinquency notices constitutes fraud on the part of the defendants, and that the City’s failure to notify her that the language was incorrect effectively prevented her from pursuing her cause of action. While it is clear that the “jail time” language was legally false, it is equally clear, however, that neither the City nor American Traffic did anything to prevent Mrs. Ballard from investigating the truth of the matter herself.
[nOur examination of Mrs. Ballard’s delinquency notices reveals that they reference a toll free customer service telephone number that was set up to answer ticket recipient’s questions. Similarly, the same section on Mrs. Ballard’s, notices that contains the “jail time” language also references the Automated Traffic Enforcement System’s governing ordinances — Sections 154-1701 to 154-1704 of the New Orleans Municipal Code. A simple perusal of these statutes — which are available in print and on the internet — reveals the program to be entirely civil in nature. For example, Section 154-1704, titled “Effect of Liability; exclusion of civil remedy”, provides:
(a) The imposition of a civil penalty under this article shall not be considered a criminal conviction.
(b) A civil penalty may not be imposed under this article upon the owner of a motor vehicle, if the operator of the vehicle was arrested or was issued a speeding citation and notice to appear by a law or public safety officer as a violation of R.S. 32:232, even if such violation was captured by the automated traffic enforcement system. The imposition of a civil penalty under this article is an *369 alternative method of detecting and deterring red-light violations and speeding.
(c) An owner who fails to pay the civil penalty or to timely challenge liability for the penalty is considered to admit liability for the full amount of the civil penalty stated in the notice of violation mailed to the vehicle owner, and the matter will be transmitted to the parking adjudication bureau of the city. The city attorney is authorized to file suit to enforce collection of unpaid fines and/or related fees and penalties imposed under section 154-1703 to secure such payments.
(d) If the owner fails to timely respond to the second notice, the department of public works is authorized to enforce the payment of this civil penalty and related fees by use of the following methods: immobilization of vehicles (booting), towing and impounding, reporting the debt to collection 1^agencies/credit reporting agencies, and/or initiating actions through the court.[9]
(Emphasis added.)
Far from prohibiting further investigation, Mrs. Ballard’s delinquency notices provided sufficient information to excite attention and prompt further inquiry into the underlying ordinances which would have revealed the mistaken nature of the “jail time” language. Thus, the third category of contra non valentem cannot be applied here to toll the prescriptive period.
B
In the fourth instance of contra non valentem, prescription does not run when “the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.” Wells, 11-1282, p. 9, 89 So.3d at 1150. Under this category, “the plaintiff must show not only that he did not know facts upon which to base his claim, but also that he did not have reason to know or discover such facts and that his lack of knowledge was not attributable to his own neglect.” Wilhike v. Polk, 08-0379, p. 5 (La.App. 4 Cir. 11/19/08); 999 So.2d 83, 86. The Supreme Court describes the knowledge sufficient to start the running of prescription under the fourth category of contra non valentem as constructive knowledge, or the “ ‘acquisition of sufficient information, which, if pursued, will lead to the true condition of things.’” Marin, 09-2368, pp. 13-14, 48 So.3d at 246, citing Young v. International Paper Co., 179 La. 803, 155 So. 231 (1934).
| , According to Marin, “the ultimate issue in determining whether a plaintiff had constructive knowledge sufficient to commence a prescriptive period is the reasonableness of the plaintiffs action or inaction in light of his education, intelligence, and the nature of the defendant’s conduct.” Marin, 09-2368, p. 15, 48 So.3d at 246. Conversely, the Supreme Court has noted that contra non valentem “will not exempt the plaintiffs claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned.” Marin, 09-2368, p. 13, 48 So.3d at 246, citing State Through Div. of Admin. v. McInnis Bros. Const., 97-0742, p. 3 (La.10/21/97); 701 So.2d 937, 940 n. 2.
Here, Mrs. Ballard contends that the tortious behavior which gave rise to all three of her stated causes of action was the inclusion of the “jail time” language in the delinquency notices. The language’s *370 inclusion is tortious, she argues, because it is false. As the governing statutes make plain, tickets issued in conjunction with this program are entirely civil in nature. See New Orleans Municipal Code Sections 154-1701 — 154-1704. Mrs. Ballard claims that she did not discover this falsity until after the one-year prescriptive period had passed. The one piece of knowledge she lacked by the time her claims prescribed, therefore, was the fact that the “jail time” language was wrong because the Automated Traffic Enforcement System is entirely civil in nature.
We observe, however, that Mrs. Ballard’s argument on this point overlooks a fundamental difference between “ignorance of the facts giving rise to a legal | M claim, and ignorance of one’s legal rights under the known facts.” See Lieber v. State, Department of Transportation & Development, 28,745, p. 12 (La.App. 2 Cir. 10/30/96); 682 So.2d 1257, 1262. Although ignorance of specific facts giving rise to a legal claim can prevent the running of prescription in certain circumstances, ignorance of the law does not. Id. Indeed, it has long been held that mere ignorance of one’s rights will not toll prescription. See Martin v. Mvd Supply Co., 239 La. 616, 119 So.2d 484, 492 (La.1960) (on rehearing). “It is not and has never been the law that one must receive notice of a law before it can affect him.” West v. State, 356 So.2d 1015, 1016 (La.App. 1 Cir.1977). The fourth category of contra non valentem, therefore, does not apply under these circumstances so as to toll the prescriptive period.
CONCLUSION
Mrs. Ballard has failed to establish that the third or fourth instances or categories of the softening doctrine of contra non valentem can be applied to toll the one-year prescriptive period. Because her lawsuit was filed more than one year after her receipt of the objectionable delinquency notices threatening her with “possible jail time,” her delictual claims against American Traffic are prescribed.
DECREE
The district court judgment sustaining the exception of prescription filed by American Traffic Solutions, Inc. and dismissing with prejudice Vernetta Ballard’s claims against it is affirmed.
AFFIRMED.

. The record before us is void of any exception of prescription filed by the City. And we may not supply the exception. See La. Civil Code art. 3452; La. C.C.P. art. 927 B.

. We note that this is not the first time that this matter has appeared before us. In Albe v. City of New Orleans, 12-0073 (La.App. 4 Cir. 7/5/12); 97 So.3d 583, we affirmed a judgment granting American Traffic’s exception of no right of action seeking the dismissal of the plaintiffs’ Fair Debt Collection Practices Act claims. See 15 U.S.C. 1692 et seq. In the course of that opinion we held that the contract between the City and American Traffic, which provides that collection of assessed fines for traffic violations will comply with the Fair Debt Collection Practices Act, was not a “stipulation pour autrui” for the benefit of motorists. Further, in Albe v. City of New Orleans, 12-1636 (La.App. 4 Cir. 1/4/13); un-pub., we affirmed the district judge’s denial of American Traffic's motion for summary judgment seeking the dismissal of all plaintiffs’ claims for fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, and class action certification.

.The defendants discontinued the threat of “possible jail time” in notices issued after April 2009.

. The plaintiffs' Fifth Supplemental and Amending Petition contends that American Traffic issued delinquent notices with the "jail time” language between February 2007 and April 2009.

. Although they no longer serve as class representatives, Mrs. Albe and Mr. Green are still named plaintiffs, and thus retain their individual claims.

. Contra non valentem non currit praescriptio means that prescription does not run against a person who could not bring his suit. See Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La.1992); see also, Cartwright v. Chrysler Corp., 255 La. 597, 232 So.2d 285, 287 (La.1970).

. Plaintiffs' fifth supplemental and amending petition and class action suit for damages prefaces its numbered allegations with the following statement: "The original and all supplemental and amending petitions are hereby amended in their entirety to read as follows.”

. To recover under a cause of action for delic-tual fraud, a plaintiff must prove three elements: “(1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resultant injury.” Becnel v. Grodner, 07-1041, p. 3 (La.App. 4 Cir. 4/2/08); 982 So.2d 891, 894. To establish a claim for intentional infliction of emotional distress, the plaintiff must prove: 1) that the conduct of the defendant was extreme and outrageous; 2) that the emotional distress suffered by the plaintiff was severe; and 3) that the defendant desired to' inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. See Zeigler v. Housing Authority of New Orleans, 12-1168, p. 9 (La.App. 4 Cir. 4/24/13); 118 So.3d 442, 450. With respect to negligent infliction of emotional distress, this Court has noted: "It is well established in Louisiana jurisprudence that a claim for negligent infliction of emotional distress unaccompanied by physical injury is viable. In addition to satisfying the La. C.C. art. 2315 test, some cases have entailed extraordinary factual scenarios and recovery has been limited to cases involving the likelihood of real and serious mental distress arising from the particular circumstances.” Crockett v. Cardo-na, 97-2346, p. 6 (La.App. 4 Cir. 5/20/98); 713 So.2d 802, 805.

. Section 154-1704 has not been amended since January 14, 2008.