Judge Terri F. Love
11 Defendants own commercial property that is leased to varying types of businesses. Plaintiffs are a group of former business owner lessors who filed suit against the defendants for allegedly concealing “a noisome odor” defect in the property that caused damages. The trial court dismissed appellant’s delictual and contractual claims finding that the claims were prescribed. Appellant now appeals contending that defendants “fraudulently” concealed the defect and that the doctrine of contra non valentem applies. Allegations of fraud did not prevent prescription from tolling because a reasonable person exercising reasonable diligence would have known of the cause of action. Likewise, the doctrine of contra non valentem does not apply because appellant was aware of the facts surrounding her cause of action. The continuing tort is also inapplicable, as the alleged harmful acts ceased over ten years prior to the filing of the petition. The trial court did not commit manifest error by dismissing the claims. The judgment of the trial court is affirmed.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]
Leonard and Regina Torre (collectively “Torres”) own the commercial ^property located at 5015 Magazine Street (“Property”) in New Orleans. The Torres leased the Property to various small business owners. Around November 2002, Jill Stoutz leased the Property to operate a furniture store named Stowell & Stoutz. “Soon after opening” Stowell & Stoutz between November 2002 and November 2003, Ms. Stoutz “encountered an unpleasant odor that was not detected at the time she entered into a lease with” the Torres. Ms. Stoutz burned scented candles during business hours in attempt to hide the odor. The odor remained despite Ms. Stoutz’s attempts at eradication. Ms. Stoutz informed the Torres. However, the Torres’ claimed they had no knowledge of an odor and maintained that Ms. Stoutz was responsible for remedying the situation. Ms. Stoutz asserted that the odor or “preexisting defect ... made it impossible for plaintiff to maintain peaceable possession of the premises ... Stoutz was forced to leave the Premises and relocate her business” around November 2003.
In 2004, Alberta Pate leased the Property and renovated it in order to operate a restaurant. During the renovation, Ms. Pate added a kitchen and a second bathroom to the Property. After opening the *679 restaurant in October 2005, Ms. Pate noticed an odor with an undeterminable origin. Ms. Pate stated that “the smell interfered with ... normal business operations and the restaurant was forced to close for the evening on several occasions.” Ms. Pate also alleged that customers would leave after being seated because of the odor. In 2007, Ms. Pate contends that the odor forced the closure of the restaurant.
Kevin Vizard leased the Property from 2008 to 2012 for the operation of Vizard’s on the Avenue. The odor in the Property allegedly “had a negative effect on Vizard’s business and, along with its concealment by the Defendant, resulted in Vizard’s restaurant ceasing operations prior to the end of the lease term.”
lain March 2013, Ivy Restaurant of New Orleans, LLC[2] (“Ivy”) leased the Property to operate a restaurant. During renovations, a neighbor complained of an odor emanating from the Property. Ivy’s plumber “was unable to identify the source of the smell, but “raised the height of the evacuation pipes at the rear of the Property.” After opening the restaurant, Ivy noticed an odor throughout the restaurant. Then, “[i]n or around early 2015, as a direct and proximate result of Defendants’ failure to maintain and/or repair the pre-existing defect, Ivy was forced to close the restaurant.”
On October 1, 2015, Ivy; the Singleys; Gautreau’s, Ms. Pate, and Ms. Stoutz (collectively “Plaintiffs”) filed a Petition for Damages against the Torres for concealing the defect of “a noisome odor” in the Property. The Torres filed exceptions of prescription, no cause of action, no right of action, improper cumulation, and improper joinder of parties. The trial court granted the Torres’ exception of prescription regarding Ms. Stoutz’s and Ms. Pate’s delic-tual claims, as well as on Ms. Stoutz’s contractual claims. The trial court also granted the Torres’ exception of no right of action in regards to the Singleys and Gautreau. The trial court denied the Torres’ exception of improper cumulation and/or joinder. The trial court’s judgment resulted in the dismissal of all claims against the Torres except for Ms. Pate’s contractual claims.
Ms. Stoutz and Ms. Pate then filed a Notice of Intent to seek supervisory review of the trial court’s judgment. This Court granted the writ in part to remand the matter for the trial court to consider the Notice of Intent as a Motion for Appeal. Ivy Restaurant New Orleans, LLC, et al. v. Leonard A. Torre and Regina V. Torre, 16-0377 (La. App. 4 Cir. 5/20/16). Subsequently, Ms. Stoutz filed a Motion for Appeal Nunc Pro Tunc.[3]
Ms. Stoutz contends that the trial court erred by granting the exception of prescription dismissing her claims.

STANDARD OF REVIEW

“A judgment granting a peremptory exception is reviewed de novo, because the exception raises a legal question, and an appellate court is to determine, whether in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiffs behalf, the petition states any valid cause of action for relief.” Metairie III v. Poche’ Const., Inc., 10-0353, pp. 3-4 (La.App. 4 Cir. 9/29/10), 49 So.3d 446, 449. “Appellate courts review peremptory exceptions by reviewing the entire record to ‘determine whether the trial court was manifestly erroneous -with its *680 factual conclusions.’” Id., 10-0353, p. 4, 948 So.2d at 449, quoting Patriot American Hospitality Partnership, LP v. Mississippi Land Holdings, Inc., 06-0601, p. 3 (La.App. 4 Cir. 12/13/06), 948 So.2d 249, 251. “The standard of review of a district court’s finding of facts supporting prescription is that the appellate court should not disturb the finding of the district court unless it is clearly wrong.” Albe v. City of New Orleans, 14-0186, p. 6 (La.App. 4 Cir. 9/17/14), 150 So.3d 361, 366. “The standard controlling our review of a peremptory exception of prescription requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished.” Id.

PRESCRIPTION

“[T]he burden of proof is on the party pleading prescription or peremption.” Metairie III, 10-0353, p. 4, 49 So.3d at 449. “However, when prescription or 1 .^peremption is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not been perempt-ed.” Id. “The distinct court is not bound to accept as true the allegations of plaintiffs petition in its trial of the peremptory exception.” Albe, 14-0186, p. 5, 150 So.3d at 366. “Evidence may be introduced at the trial of all peremptory exceptions, except the objection of no cause of action.” Id.
“Delictual actions are subject to a Iterative prescription of one year.” La. C.C. art. 3492. “This prescription commences to run from the day injury or damage is sustained.” Id. The Louisiana Supreme Court explained that:
Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort, A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription.
Campo v. Correa, 01-2707, pp. 11-12 (La. 6/21/02), 828 So.2d 502, 510-11 (citations omitted). “Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.” La. C.C. art. 3499.

Fraud

Ms. Stoutz contends that her claims are not prescribed because the Torres fraudulently misrepresented the truth about the odor in the Property.
“Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or | ^inconvenience to the other.” La. C.C. art. 1953. “Fraud may also result from silence or inaction.” Id. “In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity.” La. C.C.P. art. 856. “It is insufficient to plead merely that a defendant defrauded a plaintiff.” Private Connection Prop., Inc. v. Fox Cars, LLC, 08-1129, p. 10 (La.App. 4 Cir. 2/10/09), 6 So.3d 866, 872. “A mere allegation of fraud, unaccompanied by factual allegations setting forth with particularity the circumstances which constitute the same, is a mere conclusion of the pleader and does not set forth a cause of action as to fraud.” Loeb v. Badalamenti, 192 So.2d 246, 249 (La. App. 4th Cir. 1966).
*681 Ms. Stoutz admits that, “no provision contained in any contract covers the instant matter, nor does the petition allege that a specific contractual provision or duty was breached by the Defendants.” As such, the delictual, one-year prescriptive period applies. Ms. Stoutz contends that she “did not learn of the fraud until early 2015 when” the Singleys informed her they also experienced an odor problem in the' Property. Therefore, her October 2015 Petition for Damages was timely. We disagree.
Ms. Stoutz stated in the Petition for Damages that she encountered an unpleasant odor in the Property, but “was unable to determine the origin of the smell.” The odor forced her to burn scented candles while her furniture store was open. Ms. Stoutz informed the Torres that the Property required repair or renovation “to remedy the issue” between November 2002 and November 2003. The Torres then denied any knowledge of an odor and informed Ms. Stoutz that she was responsible for remedying same. At this point, Ms. Stoutz was aware that the Property contained a strong odor that she was unable to remove. Onee the | ./Torres denied any knowledge or responsibility for the odor, Ms. Stoutz possessed constructive knowledge that the Torres were allegedly breaking their duty to her, as- a lessee, and causing her damage. The Torres did nothing to conceal this fact. A reasonable person exercising reasonable diligence would be put on notice that she was a victim of an alleged tort at the latest in November 2003, when Ms. Stoutz permanently left the Property. As such, we find that allegations of fraud did not prevent prescription from tolling. Both the one-year delictual prescriptive period and the ten-year prescriptive periods expired prior to filing the Petition for Damages.

Contra Non Valentum

Ms. Stoutz also asserts that her claims are not prescribed because the doctrine of contra non valentem, applies.
The doctrine of contra non va-lentem was created “as an extension of the general rules of prescription.” Scott v. Am. Tobacco Co., Inc., 04-2095, p. 16 (La.App. 4 Cir. 2/7/07), 949 So.2d 1266, 1279. “Contra non valentem is based on the theory that when the claimant is not aware of the facts giving rise to his cause of action against a defendant, the running of prescription is suspended until the plaintiff discovers or should have discovered the facts on which the action is based.” Tenorio v. Exxon Mobil Corp., 14-814, p. 9 (La.App. 5 Cir. 4/15/15), 170 So.3d 269, 274. “It is not necessary to have actual knowledge as long as there is constructive knowledge.” Id. “For purposes of contra non valentem, a plaintiff will be deemed to know what he could have learned with reasonable diligence.” Id.
The Louisiana Supreme Court has
determined the factual situations to which the doctrine |sapplies so as to prevent the running of liberative prescription: “1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; 2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; 3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of the cause of action; or 4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though the plaintiffs ignorance is not induced by the defendants.”
Scott, 04-2095, pp. 16-17, 949 So. 2d at 1279, quoting Renfroe v. State, ex rel Dep’t *682 of Transp. and Dev., 01-1646, p. 9 (La. 2/26/02), 809 So.2d 947, 963. “The doctrine of contra non valentem only applies in ‘exceptional circumstances.’ ” Renfroe, 01-1646, p. 9, 809 So.2d at 953, quoting La. C.C. art. 3467, Official Revision Comment (d).
Ms. Stoutz asserts that the Torres prevented her “from availing herself of the cause of action” and that the cause of action was “neither known nor reasonably knowable.” As discussed previously, once the Torres denied any knowledge or responsibility for the odor, Ms. Stoutz possessed constructive knowledge that the Torres allegedly breached their duty to her, as a lessee. The Torres did not prevent Ms. Stoutz from investigating the odor further and bringing an action for breach of a duty. As such, she was aware of the facts giving rise to her cause of action no later than November 2003, when she vacated the Property. “Even though she may have been ignorant of, or misunderstood, the extent of’ the odor, Ms. Stoutz “could still have the requisite knowledge to commence prescription.” In re Med. Review Panel of Thomas, 05-0879, p. 6 (La.App. 4 Cir. 5/31/06), 934 So.2d 188, 191. Since Ms. Stoutz was well aware of the facts surrounding her cause of action, we do not find that exceptional circumstances exist such that the doctrine of contra non valentem applies. Accordingly, contrapon valentem did not prevent Ms. Stoutz’s claims from prescribing.

Continuing Tort

The last exception to prescription cited by Ms. Stoutz is the continuing tort doctrine. The continuing tort doctrine “only applies when continuous conduct causes continuing damages.” Scott, 04-2095, p. 18, 949 So.2d at 1280. “Where the cause of injury is a continuous one giving rise to successive damages, prescription does not' begin to run until the conduct causing the damage is abated.” Id. “The scope of application of continuing tort is limited” because “[b]oth conduct and damage must be continuous.” Risin v. D.N.C. Investments, L.L.C., 05-0415, p. 8 (La.App. 4 Cir. 12/7/05), 921 So.2d 133, 138.
For the same reasons discussed in the previous sections, Ms. Stoutz was aware of the Torres’ refusal to remedy the odor. The alleged conduct causing the damage also ceased no later than November 2003, when Ms. Stoutz vacated the Property. Even if the continuing tort doctrine applied, prescription would have begun November 2003, at the latest. Thus, Ms. Stoutz’s claims raised in the 2015 Petition for Damages are prescribed.
After examining the facts and circumstances of the case sub judice, we find that fraud, and the doctrines of contra non valentem and continuing tort are inapplicable to Ms. Stoutz’s claims. Therefore, as her Petition for Damages was, filed in October 2015, almost twelve years after she vacated the Property, all of her claims are prescribed. The trial court did not err by granting the Torres’ exception of prescription. The judgment of the trial court is affirmed,

DECREE

For the above-mentioned reasons, we find that Ms. Stoutz’s claims are | mprescribed. Neither fraud, nor the doctrines of contra non valentem and continuing tort prevented prescription from tolling. Therefore, the trial court did not err by granting the Torres’ exception of prescription. The judgment of the trial court is affirmed.
AFFIRMED

. The recited facts were gleaned from the Petition for Damages and pleadings.

. Patrick Singley, Rebecca Singley, and Gau-treau's Acquisition Corp. are the owners and/or creditors of Ivy.

. Ms. Pate's contractual claims are not at issue on appeal.