SANDRA CABRINA JENKINS, Judge.
| ]Gibbs Residential, L.L.C. (“Gibbs”) appeals the trial court’s March 19, 2015 judgment granting the peremptory exception of peremption filed by Thrasher Construction, Inc. (“TCI”), Thrasher Waterproofing Corporation (“TWC”), and William Thrasher (collectively “Thrasher”), and dismissing with prejudice Gibbs’s recon-ventional demand against TCI and third-party demand against TWC and William Thrasher. Upon review of the record in light of the applicable law, we find no error in the trial court’s judgment granting the exception of peremption and dismissing with prejudice Gibbs’s claims in its recon-ventional demand and third party demand. However, as we discuss initially, we find that the March 19,- 2015 judgment is a partial judgment that does not comply with the requirements of La. C.C.P. art. 1915(B) for the designation of a final, ap-pealable judgment. Consequently, for the reasons that follow, we convert the appeal to a supervisory writ, we grant the writ, and we affirm the trial court’s March 19, 2015 judgment.
FACTUAL AND PROCEDURAL BACKGROUND
On December 6, 2006, Gibbs entered into a contract with Canal Condominium Development, L.L.C. to act as the general contractor for the 12011 aCanal Condominiums Project (“the Project”). The Project entailed the renovation and redevelopment of two buildings, located at 1201 Canal Street and 120Í Iberville Street in New Orleans, to be converted into residential condominiums. On May 11, 2007, Gibbs entered into a subcontract with TWC for certain work on the Project, including the installation of exterior sealants, waterproofing the buildings, and installation of air/vapor barriers, for the sum of $351,000.
On September 29, 2008, the Project’s architect issued a certificate of substantial completion for the Project, providing in pertinent part:
PROJECT OR PORTION OF THE PROJECT DESIGNATED FOR PARTIAL OCCUPANCY OR USE SHALL INCLUDE:
1. 1201 Canal Street
City Building Permit No.: 05 COM 00246
Substantial Completion of the areas of the 1st and 6th Floor [...].
2. 1201 Iberville Street
City Building Permit No.: 05 COM 00247
Substantial Completion of the Ground Level through the 6th Floor [...].
*287 The Work performed under this Contract has been reviewed, and found, to the Architect's best knowledge, information and belief, to be substantially complete. Substantial Completion is _ the stage in the progress of the Work when the Work or designated portion is sufficiently complete in accordance- with the Contract Documents so that the Owner can occupy or utilize the Work for its intended use. The date of Substantial Completion of the Project or portion designated above is the date of issuance established by this Certificate, which is also the date of commencement of applicable warranties required by the Contract Documents, except as stated below:
This' certificate of substantial completion was signed by Gibbs and the owner, listed as KFK Real Estate, and it was filed with the Recorder of Mortgages for Orleans Parish on October 28, 2008.
| sIn or around November of 2008, TWC completed the work described in its subcontract with Gibbs and Gibbs paid TWC in full for the work performed.
On March 2, 2009, the Project’s architect issued two additional certificates of substantial completion. The second certificate of substantial completion indicated the portion of the Project designated for occupancy or use as “1201 Canal Street, Floors 2-5.” The second certificate was filed with the -.Recorder of Mortgages for Orleans Parish on March 9, 2009; this certificate was signed by Gibbs and .the architect but does not bear the owner’s signature. The third certificate of substantial completion was issued by the architect to certify the completion of the entire Project. The record indicates that the third certificate of substantial completion was signed by Gibbs and the owner and filed with the Recorder of Mortgages on March 9, 2009.[1]
In or around December, 2009, Gibbs learned of water intrusion issues in portions of the Project. Gibbs notified TWC of the water intrusion issues for the purpose of having TWC perform remediation and repair work. Gibbs learned, however, that TWC had ceased operations since completing the waterproofing work on the Project.
In July of 2010, Gibbs entered into a subcontract with TCI for. remediation and repair of the water intrusion issues in the Project for the sum of $250,000. Upon completion of the remediation and repair work, TCI claims that Gibbs failed |4to make payment in full for the work.performed. Subsequently, on January 22, 2013, TCI filed a petition for breach of contract and damages against Gibbs alleging Gibbs failed to pay TCI for all of the work performed under the remediation subcontract. TCI sought judgment against Gibbs for the outstanding amounts due under the subcontract and additional fees and penalties for Gibbs’s violation of the Louisiana Prompt Pay Statutes.
On January 14, 2014, Gibbs filed a re-conventional demand against TCI and a third party demand against TWC and William Thrasher. In its reconventional demand and third party' demand, Gibbs alleged that TCI is the alter ego of TWC, which breached its waterproofing subcontract with Gibbs by performing defective work. Gibbs further alleged that William Thrasher engaged in fraud by transferring the assets of TWC to TCI in an attempt to avoid liability for defective work performed by TWC; Based on these allega *288 tions, Gibbs asserted that TCI, TWO, and William Thrasher (collectively “Thrasher”) are liable in solido for the defective work performed by TWO, for loss of profits and damages sustained as a result of the defective work, and for bad faith and fraud.
On December 12, 2014, Thrasher filed, a peremptory exception of peremption, arguing that all of Gibbs’s claims against Thrasher were perempted pursuant to La. R.S. 9:2772(A)(1) and should be dismissed. Gibbs filed an opposition to the exception of peremption arguing that its claims were timely under La. R.S: 9:2772(A)(1), and, pursuant to La. R.S. 9:2772(H), the five-year Lperemptive period did not apply to Gibbs’s claims because Thrasher’s fraud caused the damages alleged in Gibbs’s re-conventional demand and third party demand.
On February 27, 2015, the trial court held a hearing on the peremptory exception of peremption at which evidence was offered and introduced into the record. Based upon the evidence and arguments presented, the trial court found that Gibbs’s claims against Thrasher were per-empted under La. R.S. 9:2772(A)(1) and the exception to the five year peremptive period under La. R.S. 9:2772(H) did not apply to Gibbs’s claims. Accordingly, the trial court granted the peremptory exception of peremption filed by Thrasher and dismissed with prejudice Gibbs’s reconven-tional demand and third party demand.
Gibbs now appeals the trial court’s March 19, 2015 judgment granting the peremptory exception of peremption and dismissing all of Gibbs’s claims against Thrasher.
JURISDICTIONAL ISSUE
Before addressing the merits, we must address whether the March 19, 2015 judgment is final and appealable. “A judgment that determines the merits in whole or in part is a final judgment.” La. C.C.P. art. 1841. “Final judgments, even in some cases partial final judgments, are appealable.” Francois v. Gibeault, 10-0180, p. 1 (La.App. 4 Cir. 8/25/10), 47 So.3d 998, 1000; see La. C.C.P. arts. 1911, 1915(A)-(B). However, no appeal may be taken from a partial final judgment under La. C.C.P.'art. 1915(B) until the judgment has been designated as a final judgment by the trial court after an express determination that there is no just | ^reason for delay. La. C.C.P. art. 1911(B); see MR Pittman Group, LLC v. Plaquemines Parish Government, 15-0395, p. 2 (La.App. 4 Cir. 9/16/15), 176 So.3d 549, 551. In this case, the March 19, 2015 judgment renders a partial judgment dismissing less than all of the claims in this litigation and the judgment does not comply with the requirements of La. C.C.P. art. 1915(B). Therefore, the March 19, 2015 judgment is not a final, partial judgment; it is an interlocutory, non-appealable judgment under La. C.C.P. art. 2083.
The proper procedural manner to seek review of an interlocutory, non-appealable judgment is an application' for supervisory writ. See Francois, 10-0180, p. 2, 47 So.3d at 1000. However, this Court is authorized to exercise its discretion to convert an appeal to an application for supervisory writs. See Bd. of Supervisors of La. State Univ. and Agric. and Mech. College v. Mid City Holdings, L.L.C., 14-0506, p. 2 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910; see also La. Const, art. V, § 10(A). In this case, in the interest of judicial efficiency, we have decided to' exercise that discretion and we convert Gibbs’s appeal to an application for supervisory review and grant the writ for the purposes of our review.
STANDARD OF REVIEW
A judgment granting a peremptory exception of peremption is generally *289 reviewed de novo, because the exception raises a legal question and involves the interpretation of a statute. See Scott v. Zaheri, 14-0726, p. 8 (La.App. 4 Cir. 12/3/14), 157 So.3d 779, 785; Robert v. Robert Mgmt. Co., LLC, 11-0406, p. 3 (La.App. 4 Cir. 12/7/11), 82 So.3d 396, 398. If evidence was introduced at the trial of [7the peremptory exception, then the appellate court reviews the entire record “to determine whether the trial court was manifestly erroneous with its factual conclusions.” Metairie III v. Poche Const., Inc., 10-0353, p. 4 (La.App. 4 Cir. 9/29/10), 49 So.3d 446, 449, citing Patriot American Hospitality Partnership, LP v. Mississippi Land Holdings, Inc., 06-0601, p. 3 (La.App. 4 Cir. 12/13/06), 948 So.2d 249, 251. If the trial court’s findings are reasonable in light of the entire record, then the appellate court may not reverse even though it would have weighed the evidence differently had it been sitting as the trier, of fact. Rando v. Anco Insulations Inc., 08-1163, p. 20 (La.5/22/09), 16 So.3d 1065, 1082, citing Stobart v. State, through DOTD, 617 So.2d 880, 882-83 (La.1993). As further explained by the Louisiana Supreme Court,
Under the manifest error standard, in order to reverse a trial court’s determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous.
Lomont v. Bennett, 14-2483, p. 17 (La.6/30/15), 172 So.3d 620, 632-33.
DISCUSSION
In this case, Gibbs asserts two assignments of error. First, Gibbs argues that the trial court erred by finding that the partial certificate of substantial completion filed on October 28, 2008 constituted “acceptance of the work by the owner” as necessary to commence the five year per-emptive period under. La. R.S. 9:2772(A)(1). Second, Gibbs argues that the trial court erred by disregarding Gibbs’s claims of fraud and failing to apply La. R.S. 9:2772(H), under which |sGibbs’s claims are not perempted. Before addressing these arguments, we review the law of peremption.
“Peremption is a period of time fixed by law for the existence of a right.” La. C.C. art. 3458. Unless timely exercised, a person’s right to assert a cause of action is extinguished upon the expiration of a peremptive period. Id.; see State Through Div. of Admin. v. McInnis Bros. Const., 97-0742, p. 2 (La.10/21/97), 701 So.2d 937, 939. “Per-emption may not be renounced, interrupted, or suspended.” La. C.C. art. 3461. Peremption may be pleaded by a peremptory exception or it may be supplied by the trial court on its own motion at any time prior to final -judgment; La. C.C. art. 3460. Ordinarily, the party pleading per-emption bears the burden- 9f proof at the trial of the peremptory exception of per-emption. Rando, 08-1163, p. 20, 16 So.3d at 1082; Carter v. Haygood, 04-0646, p. 8 (La.1/19/05), 892 So.2d 1261, 1267. However, if peremption is evident on the face of the pleadings, then the burden shifts to the other party to show„that the claim is not perempted. Metairie III, 10-0353, p. 4, 49 So.3d at 449; Rando, 08-1163, p. 20, 16 So.3d at 1082.
Peremptive statutes are to be strictly construed against peremption and in favor of maintaining the’ claim. Rando, 08-1163, p. 21, 16 So.3d at 1083. “Of the possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted.” Id., citing Albach v. *290 Kennedy, 00-0636 (La.App. 1 Cir. 8/6/01), 801 So.2d 476, 482, writ denied, 01-2499 (La.10/12/01), 799 So.2d 1138.
|3The peremptive statute at issue, La. R.S. 9:2772, establishes the peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon. La. R.S. 9:2772(A)(1) provides in pertinent part as follows:
A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2160.1:
(1) (a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.
The Louisiana Legislature enacted La. R.S. 9:2772 in 1964 to protect residential building contractors from liability for past construction projects that could extend for an indefinite period of time. See Lasseigne v. Schouest & Sons, Builders, 563 So.2d 371, 373 (La.App. 1st Cir.1990), citing Burmaster v. Gravity Drainage District No. 2, 366 So.2d 1381 (La.1978). Although it originally | ^established a ten-year peremptive period, the current version of La. R.S. 9:2772 provides that no action against a residential building contractor can be brought after a five-year peremptive period has run. See Ebinger v. Venus Const. Corp., 10-2616, pp. 4-6 (La.7/1/11), 65 So.3d 1279, 1283. “This prohibition includes third-party demands; the peremptive period ‘shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third party practice ..Id., citing La. R.S. 9:2772(B)(3).
In this case, all of the claims asserted by Gibbs in its reconventional demand and third party demand arise from the work performed by TWC under the waterproofing subcontract between Gibbs and TWC. Thus, the trial court’s finding that Gibbs’s claims against TWC were perempted under La. R.S. 9:2772(A)(1) extends to all of Gibbs’s claims against Thrasher. We turn now to consider whether the trial court erred in finding that Gibbs’s claims are perempted under La. R.S. 9:2772(A)(1).
At the hearing on the exception of peremption, Thrasher argued that the certificate of substantial completion filed with the Recorder of Mortgages on October 28, 2008 established the owner’s acceptance of portions of the Project that included all of TWC’s work on the Project under its subcontract with Gibbs. Thrasher introduced into evidence a true copy of the certificate *291 of substantial completion filed on October 28, 2008 and noted that the certificate indicated substantial completion of the entire building at 1201 Iberville Street as well as the first and sixth floors of the 1201 Canal Street building. Thrasher also introduced In an affidavit from Dorsey Thrasher Pierce, TWC’s Project Manager for this Project, attesting to the scope of work performed under the waterproofing subcontract; and an affidavit from Ed Methe, the Chief Financial Officer for Gibbs, stating that the October 28, 2008 certificate of substantial completion was issued to obtain use of the Project buildings and to have a temporary certificate of occupancy issued by the City. While Thrasher acknowledged that two additional certificates of substantial completion were issued on the Project in March of 2009, Thrasher argued that TWC’s work on the Project was complete and accepted as of the filing of the October 28, 2008 certificate thereby commencing the five-year peremptive period for claims arising from the work performed by TWC on the Project. In further support of its argument, Thrasher attached a copy of Gibbs’s reconventional demand and third party, demand, which pleading affirmatively states that all of TWC’s work on the Project was complete and paid for in full by Gibbs in or around November, 2008.[2]
In opposition to the exception, Gibbs argued that TWC performed work on both buildings of the Project (1201 Canal Street and 1201 Iberville Street) and, since the October 28, 2008 certificate of substantial completion did not certify completion and acceptance of all work on the 1201 Canal Street building, only the third, final certificate of substantial completion filed on March 9, 2009 constitutes ,| 12acceptance of all of the work TWC performed on the Project. Gibbs did not introduce any evidence at the hearing to controvert Thrasher’s argument that TWC’s work was complete as of the filing of the October 28, 2008 certificate or in support of its contention that TWC’s work extended beyond the portions of the Project accepted by the owner in the October 28, 2008 certificate of substantial completion.[3]-
Based on the evidence introduced at the hearing on the exception of peremption, the trial court found that the October 28, 2008 certificate of "substantial completion established the owner’s acceptance of portions of the Project that included all of the work performed by TWC on the Project, and the registry of the certificate of substantial completion on October 28, 2008 commenced the five-year peremptive period oh all claims arising from the work performed by TWC on the Project. Ultimately, the trial court found that all of Gibbs’s claims against Thrasher were per-empted under La. R.S. 9:2772(A)(l)(a) because Gibbs filed its reconventional demand and third party demand against Thrasher ón January 14, 2013, more than *292 five years after the -registry of the acceptance of the work.
Gibbs now argues that the trial court erred in concluding that the partial certificate of substantial completion filed on October 28, 2008 satisfied the requirement of “acceptance of the work by the owner” for purposes of the commencement of the five-year peremptive period under La. R.S: 9:2772(A)(l)(a). _JjjGibbs argues that the plain language of La. R.S. 9:2772(A)(l)(a) requires registry of acceptance of the entire project, rather than portions of it, to commence the five-year peremptive period and, therefore, only the third, final certificate of substantial completion filed on March 9, 2009 could trigger the commencement of the peremptive period under La. R.S. 9:2772(A)(l)(a).
As noted by Gibbs, La. R.S. 9:2772(A) makes, no reference to-the filing of a certificate of substantial completion. Instead, the peremptive period runs either (a) from the date of registry of the acceptance of the work by .the owner; or (b) if no acceptance is recorded within six months of the date of occupancy, from the date the owner occupies or takes possession of the improvement in whole, or in part. La. R.S, 9:2772(A)(1); see Guidry v. Sunset Recreation Club, Inc., 571 So.2d 870, 873 (La.App. 3rd Cir.1990). Although the statute does not require.a specific form of recorded acceptance by the owner, both parties in this case rely upon a recorded certificate of substantial completion as evidence of the owner’s. acceptance of the work performed by TWO on the-Project. However, the parties dispute which certificate of substantial completion constitutes acceptance of the work for the purposes of commencing the peremptive period for the claims asserted by Gibbs against Thrasher.
Upon our review of the entire record, we find no manifest error in the trial court’s finding that the registry of the October 28, 2008 certificate of substantial completion satisfies the requirement of acceptance of the work by the owner under La. R.S. 9:2772(A)(l)(a). In addition, we find no error in the trial court’s 114interpretation and application of La. R.S. 9:2772(A)(l)(a) to find that acceptance of portions of an entire project can commence the five-year peremptive period.' Under the facts of this case, the owner’s acceptance of portions of the entire Project was recorded on October 28, 2008, and Gibbs acknowledged within its own pleading that TWC’s work on the Project was complete and paid for by November of 2008. To defer the tolling of peremption against TWO for work it had completed until all other portions of the Project were complete would contravene the purpose of the statute to protect contractors from liability for past construction works for an indefinite period of time. Cf. Guidry, 571 So.2d at 873. Consequently, we find no error in the trial court’s finding that Gibbs’s claims against Thrasher are perempted under' La. R.S. 9:2772(A)(l)(a).' '
We now turn to Gibbs’s second assignment of error on appeal.. Gibbs argues that the trial court erred in disregarding Gibbs’s allegations of ' fraud against Thrasher'and finding Gibbs’ claims were perempted under La. R.S. 9:2772, despite the express provision of La. R.S. 9:2772(H) that the peremptive period shall not apply in cases in which fraud caused the breach of contract or damages.
La. R.S. 9:2772(H) provides in pertinent part as follows:
H. (1) The peremptive period provided by this Section shall not apply to an .action' to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The *293 provisions of this Subsection shall be retroactive.
(2) In any action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues. [...].
(3) Fraud, as used in this Section shall have the same meaning as provided in Civil Code Article 1953.
| iijThus, the five-year peremptive period provided by La. R.S. 9:2772 would not apply to claims in which the breach of contract or damages sued upon are caused by fraud. Fraud is defined in La. C.C. art. 1953 as a “misrepresentation or. suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.” In addition, fraud may result'from silence or inaction. Id,
In opposition to the exception of per-emption, Gibbs argued that its claims against Thrasher fall under La. R.S. 9:2772(H)(1) because Thrasher’s fraudulent actions eaused the damages sued' upon and, therefore, the five-year peremptive period does not apply to Gibbs’s claims against Thrasher. However, the trial court found that Gibbs’s reconventional demand 'and third party demand does not allege that the breach of contract, the defective work, or the damages sued upon were caused by fraud. Rather, the trial court found that all of Gibbs’s claims for damages arose from the alleged deficient work performed by TWC. Upon review, we find no error in the trial court’s finding that Gibbs’s claims do not fall under the provision of La. R.S. 9:2772(H).
In pleading fraud, the circumstances constituting fraud must be alleged with particularity. La. C.C.P. art.' 856. “It is insufficient to plead merely that á defendant defrauded a-plaintiff.” Private Connection Property, Inc. v. Fox Cars, LLC, 08-1129, p. 10 (La.App. 4 Cir. 2/10/09), 6 So.3d 866, 872. “In determining whether a cause of action for fraud has been properly pled, the court may disregard as mere conclusions a petition’s general charges of fraud if they are |16unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute the alleged fraud.” Hardy v. Easy T.V. and Appliances of Louisiana, Inc,, 01-0025, p. 5 (La.App. 4 Cir. 12/12/01), 804 So.2d 777, 781.
Upon review of the allegations in Gibbs’s reconventional demand and third party demand, we find that Gibbs’s allegations do not constitute fraud. Gibbs alleges generally that Thrasher transferred assets from TWC to TCI in an attempt to avoid liability arising from the defective work performed under the subcontract between Gibbs and TWC, that TCI is actually the alter ego of TWC, and that Thrasher (collectively) is responsible for the damages caused by TWC’s defective work. However, Gibbs makes no specific allegations that Thrasher made intentional misrepresentations with an intent to obtain an unjust advantage or cause damage to Gibbs; nor are there specific allegations that Thrasher’s “fraudulent actions” in fact caused damages to Gibbs. See, Shelton v. Standard/700 Associates, 01-0587, p. 5 (La.10/16/01), 798 So.2d 60, 64; see also, Charming Charlie, Inc. v. Perkins Rowe Associates, L.L.C., 11-2254, pp. 7-8 (La. App. 1 Cir. 7/10/12), 97 So.3d 595, 599. Consequently, we find no merit in Gibbs’s argument that its allegations of fraud against Thrasher fall under the provision of La. R.S. 9:2772(H) and are exempt from the five-year peremptive period under La. R.S. 9:2772(A). '
| ^CONCLUSION
For -the foregoing reasons, we- convert Gibbs’s appeal to an application for super *294 visory writ, we grant the writ but deny relief, and affirm the trial court’s March 19, 2015 judgment granting the peremptory exception of peremption filed by Thrasher and dismissing with prejudice all of Gibbs’s claims in its reconventional demand and third party demand.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; AFFIRMED

. Thrasher also attached to its exception of peremption copies of the waterproofing subcontract between Gibbs and TWC, the remediation subcontract between Gibbs and TCI, and a structural engineering report issued to the Project architect and Gibbs on March 22, 2010, regarding the water intrusion issues identified at the 1201 Iberville Street building. Although Thrasher offered each of these exhibits into evidence at the hearing, Gibbs objected to them for lack of authentication and none were admitted.

. During the hearing, the trial court noted that the true copy of the-second certificate of substantial completion, indicating completion of the first and sixth floors of 1201 Canal Street, was not signed by the owner of the Project, and the copy of the third certificate of substantial completion, which Gibbs argued constituted acceptance of the entire- Project, was not a true copy from the Recorder of Mortgages with the date of registry.