THE SUCCESSION OF H.L. HAWKINS, JR.

VERSUS

LISKOW AND LEWIS, APLC

    \*      NO. 2021-CA-0198

    \*

     COURT OF APPEAL

    \*

     FOURTH CIRCUIT

    \*

     STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-07797, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)

**ATKINS, J., CONCURS**

David L. Browne
Cynthia M. Cimino
BROWNE LAW, LLC
3330 West Esplanade Avenue South, Suite 302
Metairie, LA 70002


      COUNSEL FOR PLAINTIFF/APPELLANT


James A. Brown
Sheri L. Corales
LISKOW & LEWIS
701 Poydras Street
Suite 5000
New Orleans, LA 70139-5099


      COUNSEL FOR DEFENDANT/APPELLEE


            **AFFIRMED**
            **MARCH 11, 2022**

SCJ
RLB

Appellant, the Succession of H.L. Hawkins, Jr. (the "Succession"), appeals the trial court's December 30, 2020 judgment granting appellee's, Liskow and Lewis, APLC's ("Liskow"), peremptory exception of peremption. For the following reasons, the judgment dismissing the Succession's claims is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

This legal malpractice suit arises from Liskow's representation of the Succession in an oil and gas dispute. Decedent, H.L. Hawkins, Jr., was an oil and gas investor who entered into a master participation agreement with Meridian Resource & Exploration, LLC, and the Meridian Resource Corporation (collectively "Meridian") to drill a well located on Amoco Production Company's ("Amoco") property. Thereafter, in 1996, Amoco filed suit against Meridian for unauthorized drilling on its property. On June 28, 1996, a judgment was entered against Meridian, awarding Amoco over seven million dollars in damages.

On October 6, 1998, Mr. Hawkins passed away, leaving his interest in the mineral lease vested in the Succession. On August 30, 1999, Meridian sent a demand of $1,518,937.33 to the Succession for reimbursement of mineral

revenues. Thereafter, the Succession, through counsel, John C. Lovell, Jr. ("Mr. Lovell"), and Virginia Lovell ("Mrs. Lovell"), sought legal advice from Liskow on how to respond to Meridian's demand.

On September 16, 1999, Liskow, through attorney Jonathan Hunter sent a letter to the Succession advising of the choice of law clause in the master participation agreement, and further advised the Succession to retain Texas counsel to assist in the matter. On September 17, 1999, the Succession mailed a check payable to Meridian with a reservation of right.

In January 2002, the Succession re-engaged Liskow to proceed with a suit against Meridian after learning of another company's refusal to pay Meridian its portion of the Amoco judgment. On December 1, 2004, Liskow, on behalf of the Succession, filed suit against Meridian in the 19th Judicial District Court and asserted Louisiana breach of contract.

Eleven years later, Meridian filed a peremptory exception of prescription. Thereafter, Meridian filed an amended and superseding exception of prescription, asserting that the Succession's claims were untimely based on the Texas choice of law clause in the master participation agreement and the Texas four-year statute of limitations. On May 13, 2016, Liskow informed the Succession via email of Meridian's assertions. On August 19, 2016, the 19th Judicial District Court dismissed the Succession's breach of contract claims against Meridian as untimely.

On July 26, 2018, a meeting was held between Liskow and the Succession. Following the meeting, on August 1, 2018, Liskow sent a letter to the Succession advising them to seek independent legal counsel in respect to questions of the firm's performance.

Approximately one year after the meeting with Liskow, the Succession filed suit against Liskow, alleging legal malpractice and fraudulent concealment of the Texas statute of limitations. On September 9, 2019, Liskow filed a peremptory exception of peremption and dilatory exception of nonconformity with La. C.C.P. art. 891.

Trials on the exceptions were conducted on March 16, June 8, and June 9, 2020. Thereafter, on December 30, 2020, the trial court rendered judgment granting the peremptory exception of peremption. The trial court issued reasons for judgment on the same date. On March 3, 2021, the Succession filed a motion for devolutive appeal. This appeal follows.

## STANDARD OF REVIEW

"A peremptory exception generally raises a purely legal question." *Wells Fargo Fin. La., Inc. v. Galloway*, 2017-0413, p. 7 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 799-800. When, as here, evidence is introduced at the hearing on a peremptory exception of peremption, the trial court's findings of fact are reviewed under the manifest error/clearly wrong standard of review. *Lomont v. Bennett*, 2014-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627 (citing *Rando v. Anco Insulations Inc.*, 2008-1163, p. 20 (La. 5/22/09), 16 So.3d 1065, 1082). If those findings are reasonable in light of the record reviewed in its entirety, an appellate court cannot reverse even though it is convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

## DISCUSSION

The Succession asserts three assignments of error:

(1) The trial court erred in finding that Liskow did not fraudulently conceal the Texas statute of limitations.

3

(2) The trial court erred in determining that La. R.S. 9:5605's three-year peremptive period applied without Liskow having presented any reliable document to corroborate the verbal advice regarding the lapsed statute of limitations that its attorneys claim to have provided the Succession before July 26, 2018.

(3) The trial court erred in applying the peremptive period when Liskow failed to present evidence at trial to show that it informed the Succession of the lapsed Texas statute of limitations.

While the Succession assigns three errors, we narrow our discussion to two issues: 1) whether the trial court erred in finding that Liskow did not fraudulently conceal the Texas statute of limitations; and 2) whether the trial court erred in dismissing the Succession's claims pursuant to La. R.S. 9:5605.

### *Legal Malpractice and Peremption*

The Succession contends that Liskow allowed the Texas statute of limitations to lapse and committed legal malpractice. Pursuant to La. R.S. 9:5605, plaintiffs must file their legal malpractice claims within one year from their attorney's negligent act or omission, or one year from the date that the malpractice was discovered. Moreover, regardless of the date of discovery, the claim must be filed within three years of the alleged acts of malpractice. La. R.S. 9:5605(A). Both the one-year and three-year periods of limitations are, by statute, characterized as peremptive in nature "within the meaning of Civil Code Article 3458, and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended." La. R.S. 9:5605(B). As stated in Article 3458, "[p]eremption is a period of time fixed by law for the existence of a right." La. C.C. art. 3458. Therefore, "unless timely exercised, the right is extinguished upon the expiration of the peremptive period." *Id.* However, the peremptive period "shall not apply in cases of fraud, as defined in Civil Code Article 1953." La. R.S. 9:5605(E).

### *Burden of Proof*

4

"Ordinarily, the party pleading peremption bears the burden of proof at the trial of the peremptory exception of peremption." *Thrasher Constr., Inc. v. Gibbs Residential, L.L.C.*, 2015-0607, p. 8 (La. App. 4 Cir. 6/29/16), 197 So.3d 283, 289 (citing *Rando v. Anco Insulations Inc.*, 2008-1163, p. 20 (La.5/22/09), 16 So.3d 1065, 1082; *Carter v. Haygood*, 2004-0646, p. 8 (La. 1/19/05), 892 So.2d 1261, 1267). However, if peremption is evident on the face of the pleadings, then the burden shifts to the plaintiff to show that the claim is not perempted. *Thrasher Constr., Inc.*, 2015-0607, p. 8, 197 So.3d at 289 (citing *Metairie III v. Poche Constr., Inc.,* 2010-0353, p. 4 (La. App. 4 Cir. 9/29/10), 49 So.3d 446, 449; *Rando*, 2008-1163, p. 20, 16 So.3d at 1082).

*Fraud*

In this matter, there is no dispute that the Texas statute of limitations expired on June 30, 2000. Thus under the clear wording of La. R.S. 9:5605(A) and (B), the Succession's suit filed on July 26, 2019, more than three years after the expiration of the Texas statute of limitations would be perempted. However, in an attempt to avoid the harsh consequences of peremption, the Succession pled that Liskow committed fraud and concealed its malpractice, and it discovered the alleged malpractice on July 26, 2018.

La. C.C. art. 1953 defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."

In the complaint, the Succession alleged that Liskow learned of the expired Texas statute of limitations in June 2004, but concealed the alleged malpractice.

The Succession also contends that the peremptive period is not applicable pursuant to La. R.S. 9:5605(E).

In opposition to the Succession's contentions, Liskow asserts that in 1999 it informed the Succession to retain Texas counsel regarding the choice of law clause in the Meridian master participation agreement. Liskow further contends that after the Succession re-engaged Liskow on the matter, the Succession was informed of the expiration of the Texas statute of limitations and advised that there may be success with proceeding with a case under Louisiana law.

It is undisputed that Liskow did not provide much written communication to the Succession about the Meridian dispute. At the trial on the exception of peremption, Mrs. Lovell testified that Liskow did not send any written engagement agreement to the Succession. Mr. Lovell also testified that the Succession did not receive any written communication detailing Liskow's representation.

> MR. JAMES A. BROWN [for Liskow]: Did Liskow & Lewis send the Succession any type of written engagement agreement at the end of August or beginning of September 1999 outlining what it was doing on this matter?
>
> MR. LOVELL: No, Sir.
>
>         \*   \*   \*
>
> MR. BROWN: Did Liskow send you any type of written representation agreement in 2002 to suggest it was limiting what it would do in its representation of the Succession as it related to the Meridian demand for one million?
>
> MR. LOVELL: No.
>
>         \*   \*   \*
>
> MR. BROWN: Mr. Lovell, was there any time in the 15 years that Liskow was representing the Succession related to this matter that Liskow sent a written representation agreement?
>
> MR. LOVELL: No, Sir.

Further, Joseph Giarrusso, a previous Liskow attorney and shareholder, testified that he did not recall seeing any written communication to the client advising of the Texas statute of limitations.

However, the record provides that on September 16, 1999, Liskow sent a letter to the Succession regarding the Meridian dispute. The letter advised of the choice of law, and that "[a]though we are not licensed to practice law in the State of Texas, we have included certain aspects of Texas law in our research." Liskow also advised "[a]s we have discussed, for a number of reasons, it would be advisable for the Estate to retain Texas counsel to assist in this matter. We will assist you in selecting such counsel if you desire."

The record further provides that on September 17, 1999, Mrs. Lovell issued a memorandum to the Succession's file, providing that after consideration of the opinion letter from Liskow, the Succession would pay the bill presented by Meridian and not sue.

Former Liskow attorney, Jonathan Hunter testified that Liskow advised the Succession in early 2002, after the Succession re-engaged the firm, that the Texas statute of limitations may have barred the Succession's claim.

> MR. BROWN: And by this time as I understand it, you had already believe [sic] that the Texas 4 year statute of limitations had in fact run on the Succession's breach of contract claims?
>
> MR. HUNTER: That's right. I continue to tell the client that I was not a Texas lawyer so couldn't give them hard fast advice. It was my understanding that there was a 4 year period and it had probably run.
>
> MR. BROWN: Your testimony was that you advised the client of that fact verbally, correct?
>
> MR. HUNTER: Orally.

Liskow attorney Cheryl Kornick testified that on June 2, 2004, Mr. Lovell attended a meeting with her, Joseph Norman and Joseph Giarrusso to discuss the Meridian dispute and case strategy. She stated that during the meeting she asked why they were not proceeding in Texas and was informed that it was too late to file a suit in Texas. Ms. Kornick testified that this discussion was held in the presence of Mr. Lovell.

Conversely, Mr. Lovell testified that he does not remember various events of meeting with Liskow attorneys to discuss the Meridian dispute. He also testified that he did not recall any attorney informing him of the Texas statute of limitations.

> MR. DAVID L. BROWNE [for the Succession]: All right, Sir. And you were present in court last March when Mr. Hunter testified that he advised you of the risk of the application of the Texas 4 year statute of limitations on breach of contract, you were present when he gave that testimony to the Court, weren't you, Sir?
>
> MR. LOVELL: Yes, Sir.
>
> MR. BROWNE: And you're not saying he's lying about that testimony, are you?
>
> MR. LOVELL: No, not calling him a liar.
>
> MR. BROWNE: You simply say you have no memory of that?
>
> MR. LOVELL: That is correct.

However, the record includes Liskow's billing entries from September 11 to November 10, 1999, that reflect phone calls and meetings with the Succession. There are also billing entries from January 23, 2002, to December 30, 2004, that reference several telephone conferences with the Succession, research related to the Meridian dispute, meetings regarding merits of potential claims, and filing of pleadings with the 19th Judicial District Court.

8

The Succession relies on the Supreme Court's decision in *Lomont*, 2014-2483, 172 So.3d 620. In *Lomont*, the Supreme Court reviewed whether the lower courts erred in sustaining a peremptory exception of peremption. 2014-2483, p. 1, 172 So.3d at 623. A client filed a legal malpractice suit against her former attorney after discovering a lien on her property and that the attorney failed to file the community property agreement in the mortgage and conveyance records. *Id.*, 2014-2483, p. 4, 172 So.3d at 625. The attorney filed an exception of peremption asserting that more than three years had passed since the date of the malpractice. *Id.* at p. 4, 172 So.3d at 625. The client amended her petition to allege the attorney acted fraudulently in misrepresenting and/or suppressing the truth regarding the malpractice she committed. *Id.*

The Court noted that because the client pled fraud, the attorney had the burden of proving the claim was perempted, and the burden of proving she did not commit fraud as alleged by the client. *Id.* at p. 8, 172 So.3d at 627.

The *Lomont* court explained that "[s]pecific intent to deceive is a necessary element of fraud, and fraud cannot be based on mistake or negligence, regardless how great." 2014-2483, p. 19, 172 So.3d at 624. The Court noted that the attorney only produced a self-serving email to herself, and did not produce any other evidence documenting any work done on behalf of the client. *Id.* at p. 19, 172 So.3d at 634.

The Court found the attorney intended to defraud the client by lulling her into inaction in an effort to avoid a malpractice suit, and therefore the attorney's actions "fit squarely within the definition of fraud in La. C.C. art. 1953." *Id.* at p. 20, 172 So.3d at 635. The Court held that because it found the attorney committed fraud, the peremptive periods were inapplicable and the legal malpractice claim

9

was governed by the one-year prescriptive period set forth in La. C.C. art. 3492.[1]

*Id.* at pp. 23-24, 172 So. 3d at 636-37. The Court reasoned:

> Because all of the time periods in La. R.S. 9:5605 are peremptive in nature, the clear wording of Subsection (E) mandates that none of the time periods in the statute can be applied to legal malpractice claims once fraud had been established. After de novo review we interpret the statute to provide that once fraud is established, no peremptive period set forth in the statute is applicable.

*Id.* at p. 23, 172 So.3d at 636.

The Court also held that the doctrine of *contra non valentem* prevents the running of prescription "where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action . . . ." *Id.* at p. 25, 172 So. 3d at 637. The *Lomont* Court provided that although, the client was previously aware of the lien, the record established that the attorney effectively hid her malpractice. 2014-2483, p. 26, 172 So.3d at 638. The Court found that the client's suit was timely because it was filed less than a month after the client discovered the attorney's malpractice. *Id.* at p. 27, 172 So.3d at 638-39.

The facts in *Lomont* are distinguishable from this matter because the record is devoid of any evidence that indicates that Liskow concealed the Texas statute of limitations. Despite the absence of written communication between the Succession and Liskow, there was a letter from Liskow advising the Succession to contact Texas counsel regarding the Meridian dispute. We further note that there is no evidence of Liskow lulling the Succession into inaction of contacting legal counsel in Texas and filing its claims in Texas. Unlike the attorney in *Lomont*, Liskow produced billing entries documenting communication and work done on behalf of the Succession.

---

[1] Article 3492 provides in pertinent part that "[d]elictual actions are subject to a liberative prescription of one year."

We further note that the specific intent to deceive is a necessary element of fraud. *See Lomont,* 2014-2483, p. 19, 172 So.3d at 634. Mr. Lovell testified that he was not asserting that the Liskow attorneys lied about informing the Succession of the Texas statute of limitations, but that he had no memory of receiving that information. Accordingly, we do not find that the trial court erred in finding that Liskow's actions did not rise to the level of fraud under Louisiana law.

*Peremptive Period*

The Succession's reliance on La. R.S. 9:5605(E) fails. The three year peremptive period pursuant to La. R.S. 9:5605(A) and (B) is applicable to the facts and circumstances of this case. The Succession failed to show Liskow acted fraudulently. A timely filing of a legal malpractice suit would have been on or before June 30, 2003, three years from the expiration of the Texas statute of limitations. Additionally, even if the Succession had not discovered the expiration of the Texas statute of limitations until July 26, 2018, its claims are also perempted because the suit was not filed within three years of the alleged acts of malpractice. Therefore, the trial court did not err in dismissing the Succession's claims.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's December 30, 2020 judgment granting the peremptory exception of peremption, and dismissing with prejudice the Succession's claims.

**AFFIRMED**