STATE OF LOUISIANA,
DIVISION OF
ADMINISTRATION, OFFICE
OF COMMUNITY
DEVELOPMENT-DISASTER
RECOVERY UNIT

VERSUS

LINDA ANN PORTER A/K/A
LINDA TAPP PORTER

\*      NO. 2022-CA-0250

\*

\*     COURT OF APPEAL

\*     FOURTH CIRCUIT

\*     STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-12429, DIVISION "L"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

Mary Catherine Cali
John Carroll Walsh
Caroline M. Tomeny
William J. Wilson
John C. Conine, Jr.
Drew D. Lyons
SHOWS CALI & WALSH, LLP
628 St. Louis Street
P.O. Drawer 4425
Baton Rouge, LA 70821

     COUNSEL FOR PLAINTIFF/APPELLANT

Christopher H. Szeto
THE LAW OFFICE OF CHRISTOPHER SZETO
8131 Plum Street, Suite 1
New Orleans, LA 70118

     COUNSEL FOR DEFENDANT/APPELLEE

            **REVERSED AND REMANDED**
            **SEPTEMBER 7, 2022**

*TGC*
*EAL*
*SCJ*

The State of Louisiana, Division of Administration, Office of Community Development-Disaster Recovery Unit (hereinafter "the State") seeks review of the trial court's December 16, 2021 judgment granting the exception of peremption filed by Linda Ann Porter (hereinafter "Ms. Porter"). After consideration of the record before this Court and the applicable law, we reverse the December 16, 2021 judgment of the trial court and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Ms. Porter is the owner of property located at 4618-20 Lafaye Street in New Orleans, Louisiana (hereinafter "the Property"). Following mass devastation caused by Hurricane Katrina on August 29, 2005, the State instituted a federally funded program (hereinafter "Road Home"). The purpose of Road Home was to offer financial assistance to homeowners in the affected areas in order to repair and/or elevate their homes.

Ms. Porter entered into the Road Home program on November 27, 2007 and was initially awarded $78,290.70 in compensation grant proceeds.[1] After being notified by the State that home elevation funds were available, Ms. Porter received an additional $30,000.00 in elevation grant proceeds. On November 4, 2008, in

---

[1] In consideration of the compensation grant proceeds, Ms. Porter executed the Road Home Declaration of Covenants and the Road Home Grant Agreement.

consideration of the elevation grant proceeds, Ms. Porter executed a Road Home "Elevation Incentive Agreement" (hereinafter "the Agreement"), wherein she agreed to elevate the Property at or above the elevations set forth by the Federal Emergency Management Agency within three years of the date of the Agreement. On November 3, 2010 the state sent a letter to Ms. Porter advising that she was eligible for "Individual Mitigation Measure" (hereinafter "IMM") funding due to her participation in the Road Home program. Attached to the letter was a Road Home compliance form, which Ms. Porter was required to complete in order to receive the IMM funds. On the form, Ms. Porter acknowledged that her home did not "need to be elevated" and that she had repaired or rebuilt the Property. Ms. Porter ultimately received an additional $7,500.00 in mitigation grant proceeds.

On March 1, 2016, Ms. Porter received a letter from the State advising that she was not in compliance with the Agreement because she had not provided an elevation certificate and failed to comply with the IMM funds requirement to provide the requisite certification.[2] The State sent subsequent non-compliance letters on April 25, 2016 and January 30, 2018.

On December 12, 2018, the State filed a petition for breach of contract asserting that Ms. Porter refund the elevation grant proceeds or provide proof of compliance with the Agreement requirement to elevate the Property within three years of November 4, 2008. In response, Ms. Porter answered the petition and filed an exception of peremption. Ms. Porter argued that the State's claim is governed by La. R.S. 9:2772, which allows for a five-year peremptive period in construction contract claims, which Ms. Porter asserts is applicable because the Agreement

---

[2] The IMM funding letter advised Ms. Porter that she would be required to certify that she still owned the Property and would return any duplicative funds provided.

2

qualifies as a construction contract. The State opposed the exception of peremption arguing that La. R.S. 9:2772 was inapplicable and the matter was heard by the trial court on December 8, 2021. By judgment dated December 16, 2021, the trial court granted Ms. Porter's exception of peremption and dismissed the State's claim with prejudice. This appeal followed.

## DISCUSSION

By its sole assignment of error, the State asserts that the trial court erred in granting the exception of peremption. "A judgment granting a peremptory exception of peremption is generally reviewed *de novo*, because the exception raises a legal question and involves the interpretation of a statute." *Thrasher Const. v. Gibbs Residential, L.L.C.*, 2015-0607, p. 6 (La.App. 4 Cir. 6/29/16), 197 So.3d 283, 288-89. If evidence was introduced, then this Court reviews the entire record for a determination of whether the trial court's factual conclusions were manifestly erroneous. *Id.*, 2015-0607, pp. 6-7, 197 So.3d at 289 (quoting *Metairie III v. Poche' Const., Inc.*, 2010-0353, p. 4 (La.App. 4 Cir. 9/29/10), 49 So.3d 446, 449) (citation omitted). "If the trial court's findings are reasonable in light of the entire record, then the appellate court may not reverse even though it would have weighed the evidence differently had it been sitting as the trier of fact." *Thrasher Const.*, 2015-0607, p. 7, 197 So.3d at 289 (citations omitted).

This Court has articulated the following precepts regarding peremption:

Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the preemptive period. La. [C.C.] art. 3458. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action. La. [C.C.P.] art. 923. When the preemptive period has run, the cause of action itself is extinguished unless timely exercised. An exception of peremption is rightfully included in the nonexclusive list of peremptory exceptions

3

provided in La. [C.C.P.] art. 927. A peremptory exception may be raised at any stage of the proceedings in the trial court prior to submission of the case for a decision.

*Metairie, III*, 2010-0353, pp. 4-5, 49 So.3d at 449 (internal citation omitted).

The State asserts that the La. R.S. 9:2772 five-year peremptive period is inapplicable to any claim the State may have against Ms. Porter. Conversely, Ms. Porter maintains that any claim the State may have against her is subject to the five-year peremptive period outlined in La. R.S. 9:2772 because the Agreement is a construction contract which the statute protects. La. R.S. 9:2772 provides, pertinently:

A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:

***

(2) If the person performing or furnishing the land surveying services, as such term is defined in R.S. 37:682, does not render the services preparatory to construction, or if the person furnishing such services or the design and planning preparatory to construction does not perform any inspection of the work, more than five years after he has completed the surveying or the design and planning with regard to actions against that person.

Ms. Porter argues that La. R.S. 9:2772 is expansive and can be interpreted to apply to any person performing land surveying services or construction work in

4

preparation for construction. She maintains the statute applies to her failure to elevate the Property and can be interpreted to constitute "construction," within the meaning of the statute. We find this argument unpersuasive. While La. R.S. 9:2772 does apply to any person performing land surveying services, the statute references La. R.S. 37:682 multiple times when discussing the definition of persons performing land surveying services. La. R.S. 37:682(8) provides that "'Land surveyor' or 'professional land surveyor' shall mean an individual who is qualified to practice land surveying, as evidenced by his licensure as such by the board." It is undisputed that Ms. Porter is not a licensed land surveyor thus, La. R.S. 9:2772 does not apply and the trial court erred in determining that the statute applied to the claims against Ms. Porter.[3]

Finding that La. R.S. 9:2772 does not apply to Ms. Porter's claim because she is not a land surveyor as defined by La. R.S. 37:682(8), we pretermit discussion of any further applicability of La. R.S. 9:2772 *et seq.*[4]

## **CONCLUSION**

For the foregoing reasons, we reverse the December 16, 2021 trial court judgment granting Ms. Porter's exception of peremption and remand the matter for further proceedings.

**REVERSED AND REMANDED**

---

[3] Although captioned as an exception of peremption, Ms. Porter's pleading references prescription while citing cases she deemed relevant to her argument that the State's claim was time barred. However, the issue of prescription was never raised before the trial court or this Court. *See Lee v. Sapp*, 2018-0828, p. 5 (La.App. 4 Cir. 2/20/19), 265 So.3d 898, 902. Accordingly, we will not address the issue of prescription.

[4] Ms. Porter argues that La. R.S. 9:2772-9:2782 should be read *in pari materia*, which would necessitate a finding of a construction contract. We disagree.

5