STATE OF LOUISIANA,                    *        NO. 2022-CA-0250
DIVISION OF
ADMINISTRATION, OFFICE         *
OF COMMUNITY                                  COURT OF APPEAL
DEVELOPMENT-DISASTER           *
RECOVERY UNIT                                 FOURTH CIRCUIT
                                                *
VERSUS                                              STATE OF LOUISIANA
                                       * * * * * * *

LINDA ANN PORTER A/K/A
LINDA TAPP PORTER


                          APPEAL FROM
              CIVIL DISTRICT COURT, ORLEANS PARISH
                   NO. 2018-12429, DIVISION "L"
                   Honorable Kern A. Reese, Judge
                            * * * * * *
                  **Judge Tiffany Gautier Chase**
                            * * * * * *

                 **On Application for Rehearing**

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins,
Judge Tiffany Gautier Chase)

Mary Catherine Cali
John Carroll Walsh
Caroline M. Tomeny
William J. Wilson
John C. Conine, Jr.
Drew D. Lyons
SHOWS CALI & WALSH, LLP
628 St. Louis Street
P.O. Drawer 4425
Baton Rouge, LA 70821

        COUNSEL FOR PLAINTIFF/APPELLANT

Christopher H. Szeto
THE LAW OFFICE OF CHRISTOPHER SZETO
8131 Plum Street, Suite 1
New Orleans, LA 70118

        COUNSEL FOR DEFENDANT/APPELLEE

                          **REHEARING  GRANTED  FOR  THE
                          LIMITED PURPOSE OF
                          CLARIFICATION; APPELLATE**

**JUDGMENT OF SEPTEMBER 7, 2022
MAINTAINED
SEPTEMBER 19, 2022**

TGC
EAL
SCJ

Appellee, Linda Porter (hereinafter "Ms. Porter"), petitions this Court for a rehearing of our September 7, 2022 decision, which reversed the trial court's judgment granting Ms. Porter's exception of peremption. Ms. Porter contends that this Court erroneously found that La. R.S. 9:2772 is inapplicable because she is not a land surveyor. She maintains that this Court based its conclusion on a factual determination that was not made by the trial court. We grant rehearing solely to clarify our original opinion.

As stated in our original opinion, La. R.S. 9:2772 applies to any person performing land surveying services as defined by La. R.S. 37:682, which defines land surveyor as an individual qualified and licensed to practice land surveying. *See* La. R.S. 37:682(8). The fact that the basis of the trial court's ruling did not specifically center on whether Ms. Porter was a land surveyor is irrelevant to this court's *de novo* review, as this Court analyzed the ultimate ruling of the trial court. In reviewing the granting of an exception of peremption, a legal question is raised as it involves the interpretation of a statute. *Thrasher Const. v. Gibbs Residential, L.L.C.*, 2015-0607, p. 6 (La.App. 4 Cir. 6/29/16), 197 So.3d 283, 288-89. Thus, the

1

threshold inquiry for the application of La. R.S. 9:2772 is whether Ms. Porter was a land surveyor. La. R.S. 9:2772 is a specialized statute that specifically applies to land surveyors, not homeowners. Therefore, La. R.S. 9:2772 can only be interpreted to apply to land surveyors as the statute references La. R.S. 37:682 multiple times when discussing the definition of persons performing land surveying services. Before analyzing whether Ms. Porter meets the requirements of La. R.S. 9:2772, we must first determine whether the statute even applies to her. We find that it does not. As clarified herein, the original opinion of this Court is affirmed.

**REHEARING GRANTED FOR THE LIMITED PURPOSE OF CLARIFICATION; APPELLATE JUDGMENT OF SEPTEMBER 7, 2022 MAINTAINED**