BARRETT & BARRETT, CPAS, APC AND ROBERT C. BARRETT, JR., CPA

VERSUS

THE STATE BOARD OF CERTIFIED PUBLIC ACCOUNTANTS OF LOUISIANA

\* NO. 2022-CA-0727

\* COURT OF APPEAL

\* FOURTH CIRCUIT

\* STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-09584, DIVISION "C"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Paula A. Brown, Judge Dale N. Atkins)


Robert C. Barrett, Jr.
ATTORNEY AT LAW
5329 Dijon Drive
Suite 106
Baton Rouge, LA 70808

      COUNSEL FOR PLAINTIFF/APPELLANT

Bryan J. O'Neill
Albert J. Derbes IV
THE DERBES LAW FIRM, L.L.C.
3027 Ridgelake Drive
Metairie, LA 70002

      COUNSEL FOR DEFENDANT/APPELLEE

                                  **REVERSED AND REMANDED**
                                      **MAY 19, 2023**

This case stems from an administrative hearing involving the State Board of Certified Public Accountants of Louisiana (the "Board"). Barrett & Barrett, CPAS, APC and Robert C. Barrett, Jr., CPA (collectively the "Barretts") appeal the district court's May 24, 2022 judgment on their petition for judicial review, which sustained the Board's exception of prescription, affirmed the Board's final decision and dismissed the Barretts' appeal with prejudice. For the reasons that follow, we reverse the district court's judgment and remand the matter for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On November 15, 2021, the Barretts filed a *Petition for Judicial Review of an Order of the State Board of Certified Public Accountants of Louisiana* (the "Petition") in Orleans Parish Civil District Court, which sought to have an adverse decision of the Board reversed or, in the alternative, the case be remanded to the Board for the taking of evidence. The Barretts alleged that on March 24, 2021, the Board filed an administrative complaint against them and, in accordance with La. R.S. 49:977.3(C), scheduled the administrative hearing (the "hearing") for April

28, 2021.[1]  The Barretts contended that they filed a motion to continue the hearing on April 23, 2021, in which they alleged that the Board failed to send supplemental information and evidence fifteen days prior to the April 28, 2021 hearing date in accordance with La. Admin. Code 46:XIX, § 1909(A).[2]  According to the Barretts, their motion to continue was denied on April 26, 2021, and the Board proceeded to hold the hearing in the Barretts' absence.  The Barretts alleged that the Board rendered its final decision on May 26, 2021, and signed its notice of decision on May 28, 2021.  The Barretts further alleged that on June 7, 2021, they timely filed a motion for rehearing or reconsideration (the "motion for rehearing") and after receipt of the October 14, 2021 denial of the motion for rehearing from the Board, the Barretts timely filed their petition for judicial review.  The Barretts urged the

---

[1] La. R.S. 49:961(C)—which was redesignated without any substantive change as La. R.S. 49:977.3(C) by Acts 2022, No. 663, § 1, effective August 1, 2022—states:

> C. No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gives notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee is given an opportunity to show compliance with all lawful requirements for the retention of the license. If the agency finds that public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined.

[2] La. Admin. Code 46:XIX, § 1909 was amended in 2023.  The amendment removed "within 30 days" from Subpart V to "provide more flexibility in decisions," which is not pertinent to this case.  Subpart A provides:

> A. The right to examine reports, if any, and evidence, referred to in R.S. 37:81.B, may be exercised by the respondent or the respondent's attorney by submitting a written request to the board's office.
>
> 1. A copy of all written material which will be presented as evidence at the administrative hearing . . . shall be mailed to the person making such written request . . . no later than fifteen working days prior to the date of hearing.
>
> 2. Failure to provide the information no later than fifteen working days prior to the date of hearing shall be grounds for the board to consider a continuance of the hearing if requested by the respondent . . . .

district court to reverse the decision of the Board, or in the alternative, remand the matter to the Board for the taking of additional evidence.

On December 29, 2021, in response to the allegations contained in the Barretts' Petition, the Board filed an answer and affirmative defense and an exception of prescription (the "exception"). In the exception, the Board contended that the Barretts failed to request a motion for rehearing within ten days from the day of entry of the final decision, which rendered the motion untimely and with no legal effect. The Board maintained that the notice of final decision and a certified copy of the Board's final decision was emailed and mailed, via certified mail, to the Barretts on May 28, 2021, and was received by them on June 2, 2021. The Board argued that although the Barretts contended they faxed and sent via certified mail a motion for rehearing to the Board on June 7, 2021, the Board did not receive the fax nor did the Barretts submit a fax receipt of the alleged transmission. The Board further argued that it did not receive the Barretts' motion for rehearing until June 9, 2021—two days past the time delay for filing a motion for rehearing in administrative matters.[3] Thus, the Board contended that because the Barretts' motion for rehearing was untimely, they had thirty days from the mailing of notice of final decision to file the Petition. In support, the Board attached to its exception USPS tracking information that showed the notice of final decision and certified copy of the Board's decision was mailed via certified mail to the Barretts' office on May 28, 2021, and that the Barretts received the mail on June 2, 2021. The Board also attached a copy of the signed certified mail green card for the notice of final decision, which, according to the signature and delivery date, also showed

_____

[3] Pursuant to La. R.S. 49:959, a decision of the Board is subject to a rehearing "within ten days from the date of its entry." Moreover, "[p]arties shall be notified personally, by mail, or by electronic means of any decision or order." La. R.S. 49:958.

that the Barretts received the notice of final decision on June 2, 2021.    In conclusion, the Board urged that the Barretts' appeal was prescribed and should be dismissed. The exception was fixed for hearing on March 25, 2022.

On January 20, 2022, the district court set a briefing schedule on the merits of the Barretts' Petition.  The district court ordered that the Barretts/Appellants' brief was due on April 4, 2022, the Board/Appellee's brief was due on April 20, 2022, and the Barretts/Appellants' reply brief was due on April 27, 2022.  Oral argument on the Petition was scheduled on May 4, 2022 at 9:30 a.m. The Barretts failed to file their Appellants' brief as ordered by the district court; however, the Board filed its Appellee's brief on April 20, 2022.

On March 17, 2022, the Barretts filed a motion to continue the exception hearing, which the district court granted. The exception was rescheduled to May 4, 2022, at 9:30 a.m., the same date and time the district had scheduled the oral argument on the Petition.  On the morning of the exception hearing and oral argument on the Petition, the Barretts filed an opposition with exhibits to the Board's exception, along with a *Motion to Reset Review* on the Petition. Before the hearing commenced, the district court addressed the Barretts' late-filed pleadings, stating: "I learned that I received an opposition five minutes ago that I haven't seen, as well as a motion to continue."  The Board orally opposed the motion to continue, arguing that the Barretts have a habit of filing documents untimely.  The Board also requested that the district court forfeit the Barretts' oral argument because of their late-filed opposition.  The district court, acknowledging that the Barretts' opposition was late, did not consider the Barretts' opposition and

sustained the Board's exception.[4] The district court then allowed the Board to present oral argument on the Petition. The Board argued that the Barretts failed to present any evidence on the briefing of their Petition, and the final decision should be affirmed.

Following the Board's argument, the district court rendered judgment granting the Board's peremptory exception of prescription and affirming the Board's final decision against the Barretts. This timely appeal followed.

## DISCUSSION

Although the Barretts raise numerous assignments of error on appeal, our review of the record finds that the issues before this court are: (1) whether the district court erred in sustaining the Board's peremptory exception of prescription; and (2) whether the district court erred in affirming the Board's final decision and dismissing the Barretts' appeal.[5] We will address each issue in turn.

_____

[4] Although the district court did not consider the Barretts' untimely opposition, it did not strike the opposition from the record. This Court notes that the Barretts did not object to the district court's refusal to consider their opposition and exhibits nor have the Barretts raised this issue as an assignment of error. As such, we will not consider the opposition nor the exhibits attached thereto in our review of the issue before this Court.

[5] The Barretts assign the following errors for review:
1. The State Board erred in not granting Barrett's Motion for Continuance and Reset Hearing filed on April 23, 2021 despite Barrett demonstrating good cause for the continuance and the State Board's violation of Title XIX, Sec. 1909.
2. The District Court erred in determining that the State Board denying Barrett's April 23, 2021 continuance request was not arbitrary, prejudicial or bias despite supportable and sustainable by a preponderance of the evidence as required by La. R.S. 49:964.
3. The District Court erred in granting the State Board's Exception of Prescription.
4. The State Board erred in not granting Barrett's Motion for Rehearing or Reconsideration as untimely filed on June 7, 2021.
5. The State Board erred in determining its Findings of Fact in its Final Decision and Decision on Motion for Rehearing/Reconsideration.
6. The State Board erred in determining its Conclusions of Law as Items Numbers 17-25 in its Final Decision and Decision on Motion for Rehearing/Reconsideration.

5

*Prescription*

"Prescription is a peremptory exception." *Felix v. Safeway Ins. Co.*, 15-0701, p. 4 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 630 (citing La. C.C.P. art. 927 A(1)). "The peremptory exception of prescription is a 'procedural device by which a defendant may obtain dismissal of the action because it is time-barred.'" *Id.* (citing Frank L. Maraist and Harry T. Lemmon, *The Peremptory Exception*, 1 LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE § 6.7 (1999); *see also* La. C.C.P. art. 923). "The defendant must plead prescription." *Id.* (citing La. C.C.P. art. 927; La. C.C. art. 3452). "The prescriptive period applicable to an action is determined by the character of the action disclosed in the pleadings." *Faubourg Saint Charles, LLC v. Faubourg Saint Charles Homeowners Ass'n, Inc.*, 18-0806, p. 4 (La. App. 4 Cir. 2/20/19), 265 So.3d 1153, 1157 (citing *Born v. City of Slidell*, 15-0136, p. 8 (La. 10/14/15), 180 So.3d 1227, 1232). The burden of proof is on the party pleading prescription; however, if prescription is evident on the face of the pleadings, the burden of proof shifts to the plaintiff to show the action has not prescribed. *Id.* (citing *Metairie III* v. *Poche' Const., Inc.*, 10-0353, p. 4 (La. App. 4 Cir. 9/29/10), 49 So.3d 446, 449; *Ivy Rest. New Orleans, LLC v. Torre*, 16-0777, p. 5 (La. App. 4 Cir. 2/1/17), 211 So.3d 676, 680).

"Evidence may be introduced at the trial of a peremptory exception of prescription." *Id.* (citing *Albe v. City of New Orleans*, 14-0186, p. 6 (La. App. 4 Cir. 9/17/14), 150 So.3d 361, 366 (citing La. C.C.P. art. 931)). "When no evidence

---

7. The State Board erred in its Orders enumerated in the ORDERS section, page 7 and 8 of its Final Decision, and Decision on Motion for Rehearing/Reconsideration.
8. The District Court erred in affirming the State Board Final Decision 2020-59; that the finding of the State Board were not arbitrary and were supported by the preponderance of the evidence presented.

is introduced at the trial of the peremptory exception for prescription, a *de novo* standard is applied, and the judgment is reviewed to determine whether the [district] court's decision was legally correct." *Id.* at pp. 4-5, 265 So.3d at 1157 (citing *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, p. 8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800). "In this context, 'the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.'" *Id.* at p. 5, 265 So.3d at 1157 (quoting *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88). "The law requires strict construction of the prescription statutes 'in favor of the claim that is said to be extinguished.'" *Id.* (quoting *Coston v. Seo*, 12-0216, p. 8 (La. App. 4 Cir. 8/15/12), 99 So.3d 83, 88). "If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review." *Petkovich v. Franklin Homes, Inc.*, 21-0448, p. 6 (La. App. 4 Cir. 9/22/22), 349 So.3d 1042, 1048 (quoting *Ames v. Ohle*, 11-1540, pp. 5-6 (La. App. 4 Cir. 5/23/12), 97 So. 3d 386, 390-91).

In the case *sub judice*, the provisions of the Administrative Procedure Act govern the time delays at issue. Pursuant to La. R.S. 49:959(A),[6] a decision of the Board is subject to a rehearing "within ten days from the date of its entry." Moreover, "[p]arties shall be notified personally, by mail, or by electronic means of any decision or order." La. R.S. 49:958.[7]  A person may petition the district court of the parish in which the agency is located for judicial review of an agency

---

[6] Redesignated as La. R.S. 49:977.1(A) without any substantive change.

[7] Redesignated as La. R.S. 49:977 without any substantive change.

action "within thirty days after the transmittal of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon." La. R.S. 49:964(B).[8]

The Board's argument in favor of its exception of prescription is two-fold. First, the Board asserts that the Barretts' motion for rehearing on its final decision was untimely based upon the time delays provided for under La. R.S. 49:959(A). Second, the Board posits that because the Barretts' petition for rehearing was untimely, it was without legal effect. Therefore, the time delay mandated in La. R.S. 49:964(B)[9] should be counted from the Board's mailing of its final decision rather than the date of its notice of the denial of rehearing.[10]

Review of the facts alleged in the Barretts' Petition indicate that the Petition was timely filed on November 15, 2021, within thirty days after the Board issued notice of denying the Barretts' motion for rehearing on October 14, 2021. As such, accepting these facts as true, our review hinges on whether the Board, as the party pleading prescription, offered sufficient evidence to controvert the facts alleged in the Petition to prove prescription and shift the burden back to the Barretts to prove that their right to judicial review had not prescribed.

Turning to the evidence attached to the exception, the record reveals that the Board attached documents showing when it mailed and when the Barretts received

---

[8] Redesignated as La. R.S. 49:978.1(B) without any substantive change.

[9] La. R.S. 49:964(B) provides:

> Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after the transmittal of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.

[10] The Board attached to its Exception, the USPS tracking information which showed that it mailed its final decision to the Barretts on May 28, 2021.

the notice of final decision. Conversely, the Board failed to attach any exhibits to demonstrate when it received the Barretts' application for rehearing or any other documents to establish that the Barretts' Petition was prescribed. It is clear from the record that the Board did have a practice of date-stamping documents to show when documents were received. Although not an issue in the exception, in its memorandum in support of exception, the Board attached a date-stamped copy of the envelope containing the motion to continue the hearing filed by the Barretts, which indicated the date on which the document was received, to show that the Barretts' motion for continuance was not timely filed. Further, the attached copy of the envelope containing the motion to continue was also stamped with the postmark showing the date of mailing.[11] The Board included nothing similar or anything else in this matter to show when the motion for rehearing was received by the Board. As such, the burden of proof never shifted to the Barretts to present evidence that their right to judicial review was not extinguished by prescription. Consequently, we find that the Board failed to meet its burden of proof to show that the Barretts' Petition was prescribed, and the district court erred when it granted the exception of prescription.

***Judicial Review***

Next, the Barretts seek review of the district court's May 24, 2022 judgment affirming the Board's final decision and dismissing their Petition. This Court has previously explained the framework within which appeals are taken from administrative proceedings:

> A party aggrieved by a final agency decision in an adjudication proceeding is entitled to have that decision reviewed initially by the

---

[11] The Board also attached copies of several returned certified mail green cards that were date-stamped "RECEIVED."

district court of the parish in which the agency is located. La. R.S. 49:964(A)(1) and (B). The district court acts in the capacity of an intermediate appellate court. A party aggrieved by the district court's decision is entitled to appeal to the appropriate appellate court as in other civil cases. La. R.S. 49:965. When an appellate court reviews the district court's judgment, no deference is owed by the appellate court to the district court's fact findings or legal conclusions, "'just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Thus, an appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the district court.'" *Bourgeois v. Louisiana State Racing Comm'n*, 10-0573, p. 7 (La. App. 4 Cir. 11/12/10), 51 So.3d 851, 856 (quoting *Smith v. State, Dep't of Health and Hospitals*, 39,368, pp. 4-5 (La. App. 2d Cir. 03/02/05), 895 So.2d 735, 739).

*Nola Bourbon, LLC v. City of New Orleans*, 19-0847, p. 2 (La. App. 4 Cir. 1/29/20), 290 So.3d 225, 227 (quoting *DMK Acquisitions & Properties, L.L.C. v. City of New Orleans*, 13-0405, p. 8 (La. App. 4 Cir. 9/18/13), 124 So.3d 1157, 1163).

"The standard of appellate review of an administrative agency's decision is distinct from and narrower than that which applies to ordinary civil and criminal appeals." *Id*. "The exclusive grounds upon which an administrative agency's decision may be reversed or modified on appeal are enumerated in La. R.S. 49:964(G)[12] of the Administrative Procedure Act ("APA")." *Id*.

---

[12] G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness

Immediately following the district court's oral ruling on the Board's exception of prescription, the following exchange occurred regarding the merits of the Petition:

> COUNCIL FOR THE BOARD:
> Yes, Your Honor. Can we also go forward with the actual briefing on this thing? -because he's -- Again, he didn't file his brief. He's late on it. And we'd like the Court to rule prophylactically that he has failed to present any evidence on the briefing on his -- on the appeal. So we should -- the Court should affirm the decision below.

> THE COURT:
> Mr. Barrett?

> COUSEL FOR BARRETT:
> Well, Your Honor, the -- When the exception was granted for the March 25 hearing, it was my understanding that today's date was going to be for this exception hearing and that the judicial review would then be decided, and the ordering schedule, the schedule – ordering schedule would be determined today. That was my understanding from talking to Mrs. Davenport.
> I had -- And that information is set out in my motion to reset the hearing, Your Honor. So in regard to the -- So that's, you know, that's all set out in the motion for rehearing. I just assumed that today's date was – today was gonna be for the exception, prescription exception, and that from there, we would set, we would set the --

> THE COURT:
> My review of the record, though, reflects that nobody ever got that pleading [motion to reset review], because you never served them.

> COUNSEL FOR BARRETT:
> What was that, Your Honor?

> THE COURT:
> My research reflects that no one ever got that pleading [motion to reset review] because you never served them.

> COUSEL FOR BARRETT:

---

stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

La. R.S. 49:964(G).

Well, the - -

THE COURT:
Counsel, you're arguing the substance now, and we're past that. I'm going to note your objection for the record.
I'm going to maintain the exception of prescription, and I'm going to deny the petition for judicial review.

We find that the district court did not adequately review the administrative record prior to summarily dismissing the Barretts' Petition.  In fact, the appellate record is devoid of the administrative proceedings, the final decision of the Board or any evidence supporting or controverting the Board's finding. As a result, we cannot conduct our mandated *de novo* review of the Board's final decision to determine if the Board's decision should be affirmed, reversed or modified.   Accordingly, the district court erred in affirming the Board's final decision and dismissing the Barretts' Petition with prejudice.

## DECREE

For the foregoing reasons, the district court's judgment sustaining the Board's exception of prescription, affirming the Board's final decision and dismissing the Barretts' appeal with prejudice is reversed and the matter is remanded to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**